UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RODNEY A BUSTILLO SR
PETITIONER

V.

BRUCE CHADBOURNE
Field Office Director,
Respondent.

CIVIL ACTION NO. 06-635

Bond Review Through Habeas Corpus 28 U.S.C. § 2241

REVIEW AND RELEASE ON BOND

The Petitioner, Rodney A Bustillo Sr. asks this Court to review through Habeas Corpus challenging his Confinement during the pending of his Immigration proceedings, this matter is presently before the First Circuit Court of Appeals a Copy is with in review order and Number of case 06-1195 this case was and is being reviewed and in so ruleing Bustillo ask with all do respect for this Honorable Court please Review and grant release on bond that was and has been do to him.

Since all the Immigration Issues have not been resolved, Bustillo has tryed to establishe that he is likely to remain in this Country for a very long time and doing so may also remain unlawfully incarcerated for an extended period of time Bustillo ask this Court to recommend the District Judge to whom this case is assigned that the Respondent Release him on Bond Immediately, while Review of 212(c) & Citizenship.

STATEMENT OF FACTS

Bustillo was Born on March 23, 1964, and has been a Permanent Resident of the United States since June 13, 1970 from the age of five (5) and has done all his schooling in this Country from 1970 - 1982 then Served this Country in the U.S.ARMY Infentry 1982-1985 with Honorable Discharge, from that time Bustillo has had many Jobs in the filed of Construction from 1985 - 1998 put himself through night school and open his own Company in 1999 til (INS) detained him in March 30, 2004.

Bustillo plead out to delivery of a Substance (cocaine) on February 1995 in Providence, Rhode Island and was Sentence to five years, with six months to serve Incarceration only served 3 moths and one day at that time Bustillo had no Idea that he might

be Deported for the Plea or he would have taken the case to trial and at this point

Bustillo has put in a motion to the Superior Court in Providence Rhode Island for Post Conviction Pursuant to Gen, Laws 1956 & 12-12-22 because at the time of his Nolo Cantendere Plea to a felony Chanrge The Trial Judge nor his Lawyer advised him of the Consequences of Deportation or Exclusion from the United States or denial of Naturalization. 1) The Court did not give the Defendant an advisement or other notice of the Immigration Consequences, Collateral Consequence or Direct whole Consequnce of his plea as required by G.L. 1956 Section 12-12-22 which was in affect before the amendment to 12-12-22 After July 20, 2000 Subsections (b) and (c) of 12-22-22 which provide: Prior to accepting a plea of guilty or Nolo Contendere in the district or Superior court the Court shall inform the defendant that if he or she is not a Citizen of the United State, a plea of guilty or nolo may have immigration Consequences, including deportation, exclusion of admission to the United States. Upon request, the Court shall allow the defendant additional time to consider the appropriateness of the plea in light of this advisement. (c) If the Court fails to do so inform the defendant as required by this section, and the defendant as required by this section,a nd the defendant later shows that his plea and conviction may have immigration Consequences, the defendant shall be intitled, upon a proper petition for post-conviction relief, to have the plea vacated. Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not [To] have received the advisement Section 12-12-22, As Amended by P.L 2000, ch. 501, & 1,. 2) Before the July 20, 2000 Amendment to & 12-12-22, the statute required only that, at the time of criminal arraignment, each defendant shall be inforemed that if he or she is an allen in the United States, a plea of guilty or Nolo Contendere may affect his or her Immigration Status this was all that was required by the Court but the person had to fully understand, at the time before the change to the law 1956 & 12-12-22 Bustillo was not given this warning before July 20, 2000. There is a record and on that record Bustillo was not warned, warning was and is absent such a record a new trial must be ordered or Plea

must be vacated uppon proper application for post-conviction relief. (DHS) Release Bustillo on his own (PR) and Deportation Proceedings began May 1995 and never mised a Court date Ten years later the (DHS) detain Bustillo March 30, 2004 and the (IJ) granted Bustillo released on his (PR) again and (DHS) appealed stateing that Bustillo should been under mandatory detention because of a 1999 plea which the (DHS) errored because the plea was under one year and the (DHS) and the (IJ) mooted that case do to Bustillo's Lawyer and no fault of his own, relying on advice from Councel a Rebuttal was not sent in on Bustillo's behalf to the (BIA), as ka result the (BIA) did not grant release because stated that the (IJ) should not of granted (PR) only Bond and that is what he should be out on.

By the time Bustillo himself put in an appeal it was to late, on May 27, 2004 the (IJ) granted Bustillo 212 (C) waiver and this also was appealed by the Government and again for some reason Bustillo Lawyer did not put in a Rebuttal on his behalf and the same result and Bustillo has been in Detention ever sences over 22 Months.

Bustillo has put in the correct motion in the First Circuit Court and with out any doubt stay of Deportation is back in affect and 212(C) is being Reviewed at this time.

EX. A.

The Firt Circuit finds the motion for review of 212(c) is appropriate in that Court has given the respondent Alberto Gonzales until 3/6/06 for all Certified Documents be turned in. EX. B. Bustillo is in closeing copy of motion to review 212(c) that is in front of the First Circuit Court, and beging this Court for Justice that is do Bond while case pending.

EX. C.

Bustillo's showing the decision of the (BIA) Sep- 2004 were they stated that (IJ) could not grant Bustillo (PR) but never stated that Bustillo was not Eligible for Bond under Section 236 (a)(2)(a) of the Immigration and Nationality Act (Bond of at lease $1,500.00), and support letters.

## DISTRICT COURT HAS JURISDICTION

The First Circuit and Numerous other Jurisdictions have Concluded, Jurisdi ction

To hear challenges to Detention, Rather than to removal decisions, remains with the District Court. See Hernandez v. Gonzalez, 424 F.3d 42,42-43 (1 Cir.2005), and cases Cited. See Also Sofowora v. Ashcroft, No. 10scv00043Oww tag HC, 2005 WL 2135198, at *1 (E.D. Cal. Sept. 2, 2005)(Habeas Petition Under 28 U.S.C. & 2241 challenged per-deportation Detention, not the Merits of the order of removal, so District Court has Jurisdiction): Harrison v. Hogan, No Civ, 1:CV-05-1376, 2005 WL 2020711, at *1n.3(M.D Penn. July 18, 2005) Consequently Bustillo's Habeas or motion is properly before this Court.

LENGTH OF PRE-DEPORTATION DETENTION

Bustillo has been held way over the time limmit for deportion 1 year and 11 Months the Law States when an alien has been found to unlawfully present in the United States and a final order of removal has been entered the Goverment ordinarily secures the alien for 90 days for removal period, in this case the (DHS) errored so did the (BIA) in holding Bustillo under mandatory Detention because Bustillo is not an unlawfull alien that was found in this Country he has been a permenent resident over 36 years, (DHS) and (BIA) errored denying Bustillo bond because Bustillo only has one deportable offence dated 1995 so was and still is eligible for bond it States that 8.C.F.R. 1236.1 (d), dealing with appeals to Immigration Judges from the setting of Custody Conditions by the (DHS), contains language that authorizes an (IJ) to detain the alian in custody, release the alien and determine the amount of bond, if any under which the alien maybe released assuming arguendo that Bustillo was eligible for release on (PR) and (DHS) appealed even if the (IJ) was not authorize to release him on (PR) Bustillo should have been granted bond that was do to him but yet the (DHS) held him over 22 Months with out his right and due process, for that reason Bustillo should be release Immediately.

There is no significant likelihood of removal in the reasonable foreseeable future and Bustillo has the right for Bond by law. Bustillo's legal appeals and his seeking a stay of deportation is his due process right and asking for bond is also his right.

Bustillo has not taken any acts to prevent his removal that were not legal the reading of the statute clearly establishes that the acts to prevent must invole some

bad faith, dishonesty, or Improper behavior. Such language simply does not contemplate precluding an alien from seeking legal avenues of relief in a Court of Competent Juri- sdiction and to hold otherwise would be to in-fuse unwarranted pejorative color into the pursuit of legitimate legal relief; Arevolo v. Ashcroft, 260 F. Supp. 2d 347, 349 (D.MASS. 2003). Consequently Bustillo's own conduct in seeking Judical relief cannot Justify his Continued detention.

LEGAL ARGUMENT

The Petition stands Convicted from a plea brought forth in Prov RI February 15, 1995 Nolo plea because of this plea Bustillo has been under Deportion over 11 years and detain going on 2 years at the time of plea Bustillo did not know of and was not advised of the rights of an alien as set forth in and pursuant to title 12, chapter 12, Section 22 of the R.I.G.L. as amended, further the acceptance of such a plea and the incarceration of petitioner denied him equal protection of law and procedural due process and caused to suffer additional civil and crimininal disability as a result.

The Law states aggravated felonys on or after October 8, 1998 an alien is and should be subject to mandatory detention under section 236 (c)(i) if convicted (TPCR). See Matter of west 22I & N Dec. 1405 (BIA 2000). In Bustillo's case the (DHS) and (BIA) errored stating that Bustillo was in Custody April 20, 1999 this is not true then and not true now the (DHS) and the (IJ) Mooted this case after facts findings and base on the fact that 1996 and 1999 were under one year sentence.

Bustillo has not been a flight risk in the past and never miss any court dates over the 10 years that he has been fighting his case with the (DHS), Danger to Community has never been establish and Bustillo is not a treat to the Country, as the (IJ) and (DHS) stated in a statement that Bustillo Equities cumulatively rise to a level of un- usual or outstanding in this Country. The (DHS)(BIA) and (IJ) must take the same Cons- ideration when reviewing all facts for bond: See Matters of Marin, Matter of Buscemi, Matter of Francis, and Lok. Petitioner (Bustillo) ask this Honorable Court to Please take into Consideration the facts:

the facts that are used by the Court to give Bond to a person detain thank you

1) Bustiloo's long time residence of 37 years in this Country from the age of 4 four.

2) Hardship to his small children and wife of 15 years.

3) Honorable Service in the U.S.Army.

4) His History of Employment from the age of 13 teen now 41 years old.

5) Existence of Business property.

6) Bustillo Concrete Co. Business ties his own Compay with 16 employees for the past 6 years.

7) Evidence of Value to the Community Football, Baseball, Basketball Coach over 10 years and mentor teenage children.

8) With-out any doubt Rehabilitation has been completed and still working on it one day at a time.

9) Good character letters with-in from freinds and family the (BIA)(DHS) inappropriately evaluated the evidence of Bustillo' Rehabilitation See with-in the proof.

For all of the above Bustillo ask immediate release on Bond while case pending or out come of the case.

## CONCLUSION

The rights to procedural due process has been violated in his Cointinued detention. See Phan, 56 F. Supp.2d at 1157. Quoting St. John v McElroy, 917 F. Supp. 243, 251 (S. D.N.Y. 1996) The bias potential that detained persons will not receive a fair review of their request to be released and increases the risk that they will be erroneusly deprived of further liberty. Bustillo was and has been deprived of the right to Bond by (DHS)(BIA) even with the facts of no flight risk and not a danger to community and the (IJ) granting releif and with out a doubt not subject to mandatory detantion.

all the above and for the fact that Bustillo has been in Detention over 22 Months he prays that this Court grants him release on Bond while case pending so he may do what a family man needs to do take care of his children and hopefully get back to his Business

Bustillo for all the reasons detailed herein Bustillo ask that this Court please and to whom this case is assigned that he be Release .

**UNITED STATES DISTRICT COURT OF APPEALS**

**RODNEY ALFRED BUSTILLO Sr**
**A-19-325-551**
**PETITIONER.**

**V.**

Bruce Chadboure, Interim field office Director for Detention and Removal, Boston Field office, Bureau of (ICE); The (ICE) and Warden Andrea J. Cabral, Sheriff Suffolk County 8-4 20 Bradston Street Boston Mass 02118

**CIV NO.** 06-63

**Petition For a Writ of Habeas Corpus for Bond or Supervision**

PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C.$ 2241 and 8 U.S.C 1226 (c). For Bond or Supervision

Petitioner, Rodney A Bustillo Sr, Hereby Petitions this Court for a writ of Habeas Corpus to remedy his unlawful Detention, To Enjoin his Continued unlaful detention by the Respondents. In Support of this Petition and Complaint for Injunctive Relief, Petitioner Alleges as follows:

PARTIES

1. Petitioner Rodney A Bustillo Sr was a Permanent Resident of the Unite States, and a native Citizen of Hondures. Mr. Bustillo was Ordered deported on Oct 13, 2004 By the (BIA) and was taken into IMMIgration Custody on March 30, 2004. He has been Detained by the Bureau of Immigration and Customs Enforcement (ICE) for over (15Months).

2. Respondent Roberto Gonzales is the Attorney General of the United States And is Responsible for the administration of ICE and Implementation and Enforcement of the Immigration laws. As such, He id the ultimate legal custodiam of the Petitioner.

3. Respondent Bruce Chadbourne is the Interim field office,Director for Detention and removal, Boston field office, Bureau of Immigration and Customs Enforcement, Department of Homeland Security, as such he is the local ICE official who has Immediate Custody of the Petitioner.

4. Respondent department of Homeland Security is the agency charged with Implementing and enforcing the Immigration laws.

5. Respondent Kathleen M. Dennehy is Acting Commissioner,=Mass Department of Correction Because Ice Contracts with state prisons such as Suffolk County Boston Mass, to House Immigration Detainees suchaas Petitioner he has Immediate Custody of the Petitioner.

CUSTODY

6. Petitioner Is detained at the Suffolk County Boston Mass. ICE has Contracted with the Suffolk County Detention to house Immigration Detainees such as Mr Bustillo. Petitioner was previously Detained at the Wyatt Detention Facility Central Falls RI which also Contracted with ICE to House Immigration Detainees, Petitioner is under the direct Control of Respondents and their agents.

JURISDICITION

7. This Action Arises under the Constitution of the United States, the Immigration amd Nationality Act ("INA"), 8U.S.C & 1101 Et Seq., As Amended By The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L.No 104-208, 110 STAT. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. & 701 ET Seq. This Court Court has Jurisdiction Under 28 U.S.C. & 2241, art, I & 9, cl,2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C. & 1331, As the Petitioner Is Presently In Custody under color of the Authority of the United States, and such Custody is In Violation of the Constitution, Lawa, or treaties of the United States, See Zadvydas V. Davis, 533 U.S.678, 121 S. Ct. 2491 (2001).

VENUE

8. Venue lies in the district of mass Because Rodney A Bustillo Sr is Currently Detained at Suffolk County. Venue in the District of Mass is also Proper because Petitioner is the Custody of Respondent Bruce Chadbourne, Interim Field office Director of this Disrict, which Encompasses Mass 28 U.S.C.& 1391.

EXHAUSTION OF REMEDIES

9. Petitioner has Exhausted his Administrative remedies to the Extent required by law and his only remedy is by way of this Judicial action, after the Supreme Court Décision in Zadvydas, the Department of Justice Issued Requlations governing the Custody of Aliens ordered removed See 8C.F.R & 241.4 Petitioner was ordered deported on Oct 13, 2004 but is still fighting his case, at his 90 day Custody review on January 13, 2005 which he never received ICE Continue his Detention 6 Months on May 15, 2005 Bruc Chadbourne Office in Boston did Infact send Mr Bustillo a letter Stating that He entered the United States In January 13, 1996 with out Inspection and because Mr Bustillo has a stay of Deportation, awaiting the Decision from the lower State Court for a case in 1995 and will hold Bustillo in Detention ,NOTE hold him In Detention not because He is a Danger to the Country or to the Community or even a Flight Risk Just because they can.

10. No statutory Exhaustion Requirements Apply to Petitions Claim of unlawful Detention.

**STATEMENT OF FACTS**

**A. BACKGROUND:**

**11. Petitioner, Rodney A Bustillo Sr, was born in Honduras on March 23, 1964. I and my family came to the United States, In June 13, 1970 at the age of 5 years, I believe my family at that time came here for a better way of life for myself and my sister and brother's We all came as Permanent Resident and was than well I was that up to the time (BIA)s Decision.**

**I lived In Prov RI with my family over 36 years and before the detainer lived with my wife and childrenmy wifes name is Randie DeCosta U.S Citizen, Mother Lucila Bustillo, U.S Citizen, Father Esteven Bustillo U.S Citizen, Grand Mother Jane Gomez U.S Citizen Sister Syvonne Bustillo U.S Citizen, Brothers Jeffrey Bustillo and Criege Bustillo, U.S Citizen.**

My Children Nydia Bustillo 19 Years old U.S Citizen, Aaron DeCosta 17 Years old U.S Citizen, Tayler Delves 16 Years old U.S Citizen, Rodney A Bustillo Jr 12 Years old U.S CITIZEN, Raeanne Bustillo 6 Years old U.S Citizen, all that need there father.

I had a passport from my Country when I came to the United States, I have never lived In any other Country other then Panama when I was in the U.S.Army and that was only for about 3 years the only other place was Honduras the first 4 years of my life.

12. On January 12, 1995, I Rodney A Bustillo was Convicted of Plead out (Nolo Conten) to Delivering a Substance In the State of RI and Sentenced to 5 Years Suspended and 3Month one day Served, ICE charged Mr Bustillo with being deportable and whent in front of the (IJ) for Bond on April 12,2004 (IJ) gave Mr Bustillo (Personal Recon) Da appeal the (IJ) Decision saying that the (IJ) could only give Bond $1500.00 or more But Bustillo's Lawyer at the time of appeal did not send in the Counter Brief on Mr Bustillo behalf there for (BIA) made a Decision Solely on the (DA)facts and this was with out Bustillo's knowledge. Mr Bustillo was not ordered removed by (IJ) the (IJ) Granted Mr Bustillo (212c) waiver but again (DA) appeal the waiver and again Mr Bustillo's Lawyer Did not put in a Deffence on behalf of Mr Bustillo, It's like his Lawyer wonted Bustillo to lose His case, every time she seen him it was about money and job was not being done.

13. Bustillo should of been able to Receive the Bond he at the time was Eligible and still should be Eligible, because Bustillo's 1996 and 1999 simple domestic was under one year sentence and Misdemeanor in RI and was way before the law change, (DHS) stated that Mr Bustillo was and is not rehabilitated were infact Mr Bustill Sense 1995 has taken AA-NA & Domestic Classes Voluntary before being detain and was still in the classes at the time of detention.

While Mr Bustillo has been detain he has kept up with his rehabilitation efforts within the system and also Sense 1995 Mr Bustillo has been Coaching Youth sports In his Community forjchildren ages 6-16 Football, BaseBall, Basketball and Mentoring high school children though a program aththe Met high School In Pro RI Through His Company Bustillo Concrete. Sense 1995 Mr Bustillo Has open his owne company Base in Prov RI Doing State-City and Goverment Contracts with 16 Employees each Year.

At this time Bustillo has a case pending at the lower Court 1995 case has been Reopen and that gives (DHS) no grounds for holding him any longer till the case is settled and Bustillo has APPEAL the (BIA) Decision to the (First Cir Courts Of Appeal) with a new Lawyer on or about March 15,2005.

Mr Bustillo is asking the Court If they can Respectfully look into the case and grant him Bond or Supervised Release untill Matters are resolved.

14. Though under Zadvydas, Bustills has the Right to be free from Indefinite Detention Regardless of whether ICE considers him a Danger to Community or a flight risk Bustillo Contests ICE'S Dtermination on Dangerousness and flight risk.

15. I am not a Danger nor am I a flight Risk I have been In this Country over 36 years were am I going to go and I am fighting my case.

Alien'a liberty interest. Welch V. Ashcroft, 293 F.3d 213 (2002) these are Cases that people received Bond and had less Credibility then Bustillo in the Country, we have were the seven circuit rejected a Constitutional challenge by Alien but Parra v. Perryman 172 F.3d 954 (1999) resolve the conflict.

We also have the fact that Bustillo sereved in the USArmy right out of high school F982 till 1985 Infentry and file to become a Citizen, put Application in on or about Feb 1986 and he MaybenadCitizen of the United States or a National See Morin V. U.S State (4 Cir) Court Reasoned Application for Citiznship is the must compelling evidence of perm Allegiance to the United States Short of Citiznship itself.

Bustillo would like to also add that (DHS) and (BIA) Errored Stating that (212)c was not available to Mr Bustillo Because of 1996 and1999 Simple Domestic that was infact a Misdemeanor in RI and INS Sentence less then one Year, the (IJ) Mooted each case back in May 2004 But even with Proof from Bustillo and the State of RI showing that it was a Misdemeanor (DHS) still used these charges against Mr Bustillo saying that they were felonys with out any Proof on there Part.

Bustillo's one and only felony was in 1995 and he Plead out to it Nolo Con before the (AEDPA) came into affeett way before April 1996 and he should be Eligiable for Bonđ and for (212)C Waiver Ins V. St. Cyr (2001) and we also have Wallace V. Reno, 194 F.ed 279 (1 Cir 1999) and Carlos Lemos like Mr Bustillo he came to the Country in 1974 & Bustillo came in 1970, Lemos crime was June 1995 Plead Guilty, Bustillo Plead (NOLO) Feb 1995 each of them plead to a charge of controlled Substance, The Court Ignored IIRIRA "Transitional Rules becouse case Commenced before April 1, 1997 but unlike Lemos Bustillo was not ordered Deported by (IJ) infact (IJ) Granted Bustillo the (212)c Waiver Bustillo Crime was before (AEDPA) and plead out 1995 and we have Goncalvas V. Reno 144F.3d 110 Review was Granted again to him by the Courts.

Bustillo has mor Credibility then all three of these people put together and should at leas be given a second chance in life. every won got a chance with less time then Bustillo in the Country and less invoVlment in the Commuinity and in life itself and for every thing stated Bustillo Respectfully request this Court to Enter an order of him being Released till case is resolved. one more to add Lee V. Ashcroft 2 (2 Cir 2001)

Yes me and my wife have had problems in the past but after 15 years with each other we are still together and have work everything out and all this was in my long past.

16. I have taken anger manigment class AA-Na class and a Interpersonal class gettint to know about myself first andthe rest come after,=I am truely sarry for what I did if I hart anyone or did wrong to anyone in any way I can see now things that I could not see in the past,,I can say I have realise how much I had and the good family that I hope still have and need to get back to, most of all my children my boys are getting big and they need their father for guidence so they don,t make the costly mistakes in life that I have made.

17. If I were to be Released I would go back and take care of my family wife and children like I did in the past but with more love and understanding, Start my Business back up Bustillo Concrete Company and try to go back to my Community and do what I was doing helping children but now, I have the diffrent out look about life and show them the way that was never shown to me and that is Respect others and yourself and most of all love family and understanding your self.

18. I will be living in RI with my wife and kids 186 Linwood ave Prov RI 02907 were will I go to charch on Sundays like before but take it all in like it was when I was a kid.

19. I have done everything that (ICE) has ask of me, the only thing I have done wrong in there eyes (INS) is that i'm still fighting my case.

20. I feel that I should be home with my children like every one else that has a family. Mr Bustillo was in the Army Infentry and finish his time for this Country and that seems to mean nothing Mr Bustillo also put in for Citizen back in 1986 and still waiting we have peolpe that have not even done 1% of what Bustillo has done for the Country and they can get Bond I don't understand.

**LEGAL FRAME WORK FOR RELIEF SOUGHT**

21 21. See Zadvydas V Davis, 533 U.S.678, 150L.Ed. 2D 653, 121 s, CT, 2491 (2001), The Courts of Appeal Concluded that the (INS) had not provided a Justification of no-bail civil detention sufficient to over come a lawful Permanent Resident Alien's liberty Interest." 276 F.3d a 535,

222 Bond was available to Bustillo and he relied on the knowledge of his lawer to retrieve what ever was do to him and because of his lawyers Negligence Mr Bustillo still sits in Detention, See (Kim V Zinglar)276 F.3d 523 (2002) Court held that & 1226 (c) Violates substantive Due process and Applied to Respondent beCause he is a Permanent Resident Alien.

23. Because of the Negligence of Bustillo's lawyer and untimely reports Bustillo would like to use See Esogbue V Ashcroff, 357 f.3d 352 (5 Cir 2004) The Courts of Appeal gave Bond while case still pending in criminal Court, using Error- Coram-Nobis Affect of past Conviction.

24. These are cases that apply to Bustillo Patei V Zemski 275 F.3d 299 (2001) came to conclusion with three other Courts of appeal given Bond to Lawful permanent

the Petitioner remains in Respondent's custody; and

4) Grant any other and further relief which this Court deems just and proper.

I affirm, under penalty of perjury, that the foregoing is true and correct. Respectfully submitted this June 12, 2005.

_______________Signature

Rodney A Bustillo Pro Se

Suffolk County 8-4
20 Bradston st
Boston Mass 02118

**CERTIFICATE OF SERVICE**

I, Rodney A Bustillo, Certify that a true copy of the above document (Petition for Writ of Habeas Corpus) together with attached documents, was served on Jusne 12, 2005, upon the following:

Frank Crowely
Bpecial Assistant U.S. Attorney
Department of Homeland Security
PO Box 8728
JFK Station
Boston, Ma 02114

By placing a copy of the above in the mail system at the facility where I am detained.

**CLAIMS FOR RELIEF**

**COUNT ONE**

**STATUTORY VIOLATION**

25 Petitioner re-alleges and incorporates by reference paragraphs 1 through 24 above..

26 Petitioner's continued detention by Respondents violates INA & 24 (a)(6), as interpreted in Zadvydas. Petitioner's six-month presumptively reasonable period for continued removal efforts passed 14 months ago. For the reasons outlined abover in paragraphs 1 to 24, Petitioner's removal to hundores is not reasonably foreseeable. The Supreme Court held in Zadvydas that the continued detention of someone after six moths where deportiong is not reasonably foreseeable is unreasonable and in violation of INA & 241.

**COUNT TWO**

**SUBSTANTIVE DUE PROUCESS VIOLATION**

27. Petitioner re-alleges and incorporates by reference paragraphs 1 through 26 above.

28. Petitioner's continued detention violates his right to substantive due process by depriving him of his core liberty interest to be free from bodily restraint. The Due Process clause requires that the deprivation of petitioner's liberty be narrowly tailored to serve a compelling goverment interest. While the respondents would have a compelling government interest in detaining petitioner in order to effect his deportation that interest does not exist if Bustillo cannot be deported. The Supreme Court in Zadvydas thus interpreted INA & 241 to allow continued detention only for a period reasonably necessary to secure the alien's removal because other reading would go beyond the government's articulated interest--to effect the alien's removal.

COUNT THREE

PROCEDURAL DUE PROCESS VIOLATION

29. Petitioner re-alleges and incorporates by reference paragraphs 1 through 28 above.

30. Under the Due Process Clause of the United States Constitution, an alien is entitled to a timely and meaningful opportunity to demonstrate thathe should not be detained. The Petitioner in this case has been denied that opportunity as there is no administrative mechanism in place for the Petitioner to demand a decision, ensure that a decision will ever be made, or appeal a custody decision that violates Zadvydas.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays that this Court grant the following relief:

10 Assume jurisdiction over this matter;

2) Grant Petitioner a writ Habes Corpus direeting the Respondents to immediately release the Petitioner from custody;

3) Order Respondents to refrain from transferring the Petitioner out of the jurisdiction of ICE BOSTON DISTRICT DIRECTOR during the pendency of these proceedings and while