UNITED STATES DISTRICT COURT

PROVIDENCE, RHODE ISLAND

Bodney A. Bustillo
Petitioner/Appellant

v.

BICE, DHS, DOJ
Respondents/Defendants

[redacted]

"Petition For Review"
Motion For Appointment Of Counsel And Stay Of Deportation
File# 19-325-551

Now Comes the Petitioner, Bodney A. Bustillo, pro se respectfully begging this High Honorable Court hear his Petition For Review of BIA's Judical Order reversing Immigration Judge Shepard's Order Granting (212C) Belief, (Exhibits A and E (H and H) respectively). The BIA's reversal bars relief solely upon personal opinion of "Discretionary Belief" Boundaries.

(Exhibits B, C, D, E)

1) Despite several Civil Actions, and due to severely limited "Access to the Courts", the petitioner is not "Legaly Versed", as this High Honorable Court is patiently, and painfully aware. "The fundamental Constitutional Right of Access to the Courts [4th Amendment Due Process Clause] requires prison authorities to assist inmates in the preparation and filing of meaningful Legal Papers by providing prisoners with adequate Law Libraries or adequate person trained in the Law". Bounds V. Smith 430 U.S 817 (1977), see also Blake V. Berman 598 F. Supp. 1081 (1984), Souza V. Travisono 498 F.2d. 1120 (1st Cir 1974), Wolfe V. McDonnell 418 U.S 539 (1974), Johnson V. Avery 393 U.S 483 (1969), Burns V. Ohio 360 U.S. 252 (1959), King V. Atiyeh 814 F.2d. 565 (9th Cir. 1987), Leonardelli V. Houston 9 F.3d. 1552 (1993).

(Exhibits B, C, D, E)

As evidenced by repeated Habeas Corpus dismissals due frequently to procedural errors and Legal semantics, the petitioner, (henceforth I, me, myself), I have met the "Actual Incident" requirement of Sands V Lewis 866 F.2d. 1166 (9th Cir 1989), and the "Actual Injury" requirement of Lewis V. Casey 518 U.S 343 (1996), culminating in physical expultion! I had to

1)(cont.) submit a "Grievance" demanding adequate access to the "Immigration Computer" and current Immigration Case and Statutory Law. Detainees are locked in their cells every other hour on the hour and the CD's I obtained through verbal complaint, lacked a Password. "Defendants deprived plaintiff of his Constitutional Right of Access to the Courts by transfering him from the Massachusetts prison system to a federal penitentiary with no Massachusetts Legal Materials in its Law Library, and by failing to fulfill his written requests for certain state Law books," "Blake." I have been denied my Constitutional Right of Access to the Courts ongoingly, (Exhibits A-E) as evidenced by repeated Habeas Corpus dissmissals, due frequently to errors in format and procedure, incurred through no fault of my own.

2) Submitted on, or about November 12th, my Grievance was forwarded to BICE. In late November Agent Mike "Doe" arranged a 9-11AM, 1-4PM weekday schedule for the Computer and supplied the Password for the CD's. He found it amusing they couldn't be opened, I did not! The CD's then failed to open for lack of Memory space on the hard drive (as the Computer is a relic with Windows 98). Despite its May 11th enactment I was denied access, in part and parcel, to the "Real ID Act" untill mid December. Only then, (with the heinous removal of the Federal Courts [loss of] Habeas Corpus Jurisdiction over Immigration Cases) [not done previously since Lincoln during the Civil War, and then temporarily], that day, I discovered the proper way to Appeal a Judicial Order from the BIA is with a "Petition for Review". Despite the BIA and DHS references to my "Petition For Review" I have never filed one previously. As with Phan, 56 F. Supp. 2d 1157, my illegal detention [Judge Shepard granted release on Personal Recognizence which the DA stated he would challenge later, but my Attorney advised I await the (212c) which was granted (but erroneously reversed on Appeal)] violates my Constitutional Rights to substantive and procedural due process under the 14th Amendment, as does my inadequate Access to

2)(cont) the Courts, combining against me exponentially. Indigence prevents retaining another Attorney. Incarseration prevents adequate access to the Courts, and the internet. As one Judge said, " Even with a complete Law Library [adequate access] the pro se litigant has as much chance of success as a Monkey has of doing brain surgery." I cannot successfully fight the combined forces of the BICE, DHS, and DOJ alone, as previous petitions have proven. I must have professional assistance! I remain bitterly disappointed that in this of all Nations a Legal Permanent Resident has effectively no more Rights in Immigration Court than an Illegal Alien. It is atrocious (LPR's) have no assigned Counsel and violates my 4th, 5th, 6th, 8th and 14th Amendment Rights morally if not legally.

3) "8CFR § 1003.1(d)(3)(ii)(2004) (stating that the Board reviews matters of discretion de novo)." [Exhibit A page 1, #2]. Throughout Legal History and firmly reiterated in Goncalves V. Reno 144 F.3d. (1st Cir. 1996), this High Honorable Court reviews matters of the BIA's discretion. Goncalves setting Precident establishing retroactive (212C) Relief and confirming Jurisdiction over "Final Orders Of Deportation" applies directly to me. I have fought long and hard against Access deprivation discovering a "Petition For Review" is the entitled, correct, and appropriate Appeal. I pray it's not too late. In Vargas, 938 F.2d 358, the Second Circuit found that the former laws, in effect at the time of "conviction" preserved an Aliens Right to move for reopening untill the occurance of physical deportation to 1) provide an opportunity to bring new evidence to light. 2) to allow parties to avail themselves of recent changes in the Law, 3) to provide an applicant the opportunity to seek additional Relief that was not previously available. They did not allow the Board to extend the "Lok" rationale to terminate an Alien's previously existing Eligibility for (212C) Relief.

I respectfully ask this High Honorable Court accept this "Petition

3)(cont.) For Review" recognizing my recent discovery of same effectively constitutes changes in the Law and additional Relief not previously available. Vargas 938 F.2nd 358(2nd Cir.1991), cites also Francis 532 F.2d 268 (2nd Cir.1976), and Silva 16 I&N Dec. 26(BIA 1976).

4) Ironically, my motion citing Vargas, Francis, Goncalves, Phan, Rochin V. California 342 U.S. 165(1952), Palko V. Connecticut 302 U.S. 319(1937) and others about Due Process overruleng procedural restrictions and errors, like Timeliness, "in the interest of Justice," was dismissed as "Untimely." Mailed in time it took over 3 days to leave the facility,(Bristol County, Massachussets).

Interjection) Today, My Randie finally abandoned our-rent-to-own house and home of 6 years, forced to borrow money for the move and apartment,(first, last, and security deposit), from Aaron, our eldest Son[a 18-year-old] college student]. My children, 2 of whom were in better schools having tested academicly superior, lost their home, schools, friends, and family members. Living right there was their Grandmother, Great Aunt and Uncle, and numerous Cousins. The safety and guidance of that community was invaluable, the loss immeasurable.

5) Sadly, unbelievably, A.G. Reno's statement in Goncalves that through AEDPA and IIRIRA "Congress sub silentio stripped Federal District Courts of their traditional habeas Jurisdiction" came true in the "Real ID Act". I thank God in Heaven this High Honorable Court retains both Jurisdiction, and discretion. Discretion is the key! "We [the 1st Circuit] have Jurisdiction to review "Final Orders For Deportation"." Joseph V. INS 909 F.2d 605 (1st Cir. 1990), We [the 1st Circuit] affirmed the BIA Order in an earlier unpublished per curian decision, but thereafter granted rehearing." Hazzard V. INS 940 F.2d 647(1st Cir.1991), "An Appellate Court has Jurisdiction to Review all Final Orders of Deportation" 8 U.S.C § 1105a(a), "We review the decision of the BIA, not the IJ." Balazoski V. INS 932 F.2d 638 7th Cir.1991)

6) The BIA did not reverse Judge Shepards decision on Statutory eligibility but rather on Discretionary interpretation, arguing adverse factors outweighed my equities. In general, the Appellate Court must decide if the BIA used the correct Legal Standard, Khouzam V. Ashcroft 361 F.3d 161 (2nd Cir. 2004), then, assuming the Board identified the appropriate Legal Standard the Court applies a differential "Substantial Evidence Standard" to review wether the Board applied their standard correctly. Factual determinations are also reviewed under the "Substantial Evidence Standard", Ramsamzachirz V. Ashcroft 357 F.3d. 169 (2nd Cir 2004). In my case the BIA failed the "Substantial Evidence Standard" both Discresionarily, and Evidentuarily. "Discretionary denials are reviewed for an abuse of discretion and are "limited to wether the discretion was actually exercised and wether it was exercised in an arbitrary or capricious mannor", Garcia-Lopes V. INS 923 F.2d 72 (7th Cir. 1991). In my case a lack of Discretion was exercised "arbitrarily and capriciously"."This Court will uphold a denial by the BIA unless it was made without a rational explaination, it inexplicably departed from established policies, or it rested on an immpermissible basis e.g., invidious discrimination against a particular race or group Bal V. Moyer 883 F.2d. 45 (7th Cir. 1989). Being both Hispanic and Black, (Afro-American is a racist designation), I experience tangible racism all the time and the BICE's conduct epitimizes it. I cannot speak for the Board as neither I, nor millions of others are able to appear before them; to introduce ourselves and families, to have an actual hearing to illustrate and incorporate the "Human Factors", so vital, and imperative, in any Discretionary matter.

7) A The BIA Erred Three Fold. First they failed their own 2001 decision remanding my case back to the IJ specifically for (212c) Relief.

7) (cont.) stating I qualify under former INA section (212C) through St Cyr 533 U.S. 289 (2001), as my Deportation Proceedings began pre IIRAIRA in 1995 with imprisonment less than 5 years. See Sandoval V. Reno 166 F.3d 255 (3rd Cir. 1999) [reversing their decision in Soriano 21 I&N Dec. 516 (BIA 1996 / AG 1997)] (Exhibit A, pg. 2. #3)

Directly opposing their own decision the Board cites 8 U.S.C. § 1101 (a)(43)(B) from 2002 defining convictions with a 5 year prison sentence as "very serious". Following the Board's directive the "old Law" requires (Exhibit F) 5 years actual imprisonment; the same bar that applies to "Aggrivated Fellons" which I am also not, see also Hartman 255 F. Supp 510 (E.D. Penn 2003)

7) B Secondly, the Board failed to incorporate any and all evidence produced in and resulting from my (212C) Hearing. Primarily interviews [under oath] with the Victim, Randie DeCosta, and my Mother, Lucila Bustillo conducted by Judge Shepard who described both as "credible witnesses", to which DHS, D.A. Richards did not object. It is patently obvious the Board never investigated my (212C) Transcript, responding only to the DHS Appeal and Brief. This failure of factual determination morally, ethically, and legally violates the "Substantial Evidence Standard".

1) My alleged physical assaults upon Randie involving "Baby dropping" and "Child pushing" are falsehoods. Richards presentation of these allegations as fact is fraudulent. The BIA's acceptance of these allegations as fact, and failure to confirm or investigate the facts is criminally negligent.

2) Two of my four alleged assaults against Randie were actually upon our shared motor vehicles. The other two received vacated sentences as the facts meritted. Victim and witness affidavits confirm no physical assaults upon Randie or the children.

3) The sentence reductions were entered just prior to my (212C)

7)B)3)(Cont) Hearing. D.A. Richards would surely have introduced such heinous "facts" in Court, had they been true. These allegations were further dispelled in Judge Shepards interview of Randie and my Mother also. I cannot Exhibit this or any part of the (212C) Transcript as the Court never sent me one. In reaching its conclusion that Nguyen's Criminal Record required it to reverse the I.J., the BIA relied on its mistaken belief that He had been convicted of three crimes. In fact Nguyen had two convictions. He'd never been convicted of "buying and selling stollen property" contrary to the BIA's finding. "The record unambiguously shows that this charge, which dates back to 1987, was dismissed. To compound its error the BIA mischaracterized Nguyen's first conviction by adding the word "stolen" to the property offense involved. In short the BIA clearly erred in determining the adverse factor on which it based its decision." Chau Trong Nguyen V. INS 127 F.3d. 1106 (3rd Cir. 1997), see also

The IJ stated I have one drug conviction. Neither the BIA, nor the DHS disagree. "The BIA Dismissed, despite stating [that] Petitioner had presented "Outstanding Equities" including strong family ties in the U.S. and no possibility of livelyhood in the ~~Dominican~~ Honduras, nonetheless persuaded by Petitioner's Criminal Record and slim evidence of rehabilitation". "We vacate the BIA's decision as arbitrary and capricious and remand for further proceedings not inconsistant with this opinion." Vargas 938 F.2d. 358 (2nd Cir. 1987).

7) C) ~~That~~ the BIA's decision is "arbitrary and capricious" as a direct result of their own failure to check any [and all] facts, their failure to check the Criminal Records, and their failure to actually review the (212C) Transcript, rather than just Judge Shepards decision. I respectfully request this High Honorable Court note that even a

7) C (cont) comparison of the Board and IJ's decisions evidences a heavy, if not complete reliance upon erroneous allegations, fraudulant statements, and outright fabrications perpetrated by D.A. Richards and the DHS. To simply say a thing does not make it true. I beg this High Honorable Court please check the Records and actually review the facts as the BIA failed to do so. Like Vargas, the BIA touts my "outstanding equities" yet under appreciates the hardship to my family, and ignores voluntary treatment programs I've completed. It remains my firm belief my eldest daughter, Nydia would be in College where she was bound [before my arrest], rather than an unwed mother on Welfare had I not been torn from Her life. Hardships already abound!

8) To set the Record straight, as DHS failed to and the Board erred verbatim, my Children are Nydia Bustillo 19, Aaron De Costa 18, Taylor Dukes 15, Rodney H. Bustillo Jr. 13, Raeanne Bustillo 7, and Grandchild, (Nydia's daughter), Alixendra Bustillo, all American Citizens and proud of it. They are why I fight. They are my responsibility and my joy. At the end of my (212C) Hearing Judge Shepard placed my daughter Raeanne on Her lap, held the gavel in Raeanne's hand and whispered instructions to her. Raeanne said, "DADDY you be good and everything will be Fine."

I have been under an Order of Deportation for (11) eleven years. Judge Shepard released me on my own recognizence in 1995, I have attended every Court date since. Judge Shepard has seen my Children grow-up and met Randie and my relatives 3 years before Raeanne was even born; Her Judgement is not made flippantly. "Adverse factors include the nature of underlying circumstances of the exclusion ground at issue the presence of additional significant violations of this Country's immigration Laws, the existance of a Crimina Record, and, if so its

8) (cont.) nature, recency, and seriousness and the presence of other evidence indicative of [an Alien's] bad character or undesirability as a permanent resident of this Country. Where an Alien is deportable by reason of a Drug Conviction, as in this case, the Alien must demonstrate unusual or outstanding equities to obtain a waiver of Deportation." Lovell v. INS, F.3d 458 (2nd Cir. 1995). I have one drug conviction for 1995 and both the Board and the IJ consider my "Equities" as "unusual or outstanding". Please see Page 10, "10)" for a listing of equities in accordance with Edwards 20 I&N Dec. 191 (BIA 1990), Marrin