**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RODNEY A. BUSTILLO, SR., [A190325551]), Petitioner | ) | |
| v. | ) | C.A. No. 06-63S |
| IMMIGRATION AND NATURALIZATION SERVICE, DEPARTMENT OF HOMELAND SECURITY, AND ROBERTO GONZALES, Respondents | ) | |

**RESPONDENTS' MOTION TO DISMISS**

Respondents hereby move to dismiss Rodney A. Bustillo, Sr.'s petition for writ of habeas corpus, for the reasons set forth in the accompanying memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER #3415
Assistant United States Attorney
Fleet Center, 8th Floor
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 1st day of March, 2006, a true and correct copy of the foregoing Motion to Dismiss was served on Petitioner, by mailing same, by first-class mail, postage prepaid, to:

Rodney Alfred Bustillo
Wyatt Detention Center
950 High Street
Central Falls, RI 02863

Nancy A. DeQuenzo

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RODNEY A. BUSTILLO, SR., [A190325551]), Petitioner | ) | |
| v. | ) | C.A. No. 06-63S |
| IMMIGRATION AND NATURALIZATION SERVICE, DEPARTMENT OF HOMELAND SECURITY, AND ROBERTO GONZALES, Respondents | ) | |

**MEMORANDUM IN SUPPORT OF RESPONDENTS' MOTION TO DISMISS**

On February 6, 2006, Rodney A. Bustillo, Sr. ("petitioner" or "Bustillo") filed with this Court several documents, entitled "Bond Review Through Habeas Corpus" and "Petition for a Writ of Habeas Corpus for Bond Or Supervision." On February 9, 2006, this Court ordered respondents to file a response "to the plaintiff's motion under 28 U.S.C. Section 2241 for Writ of Habeas Corpus" on or before March 2, 2006. The motion and related documents filed by petitioner are improper and should be dismissed.

This Court lacks jurisdiction to entertain an immigration habeas petition (except as to detention). Moreover, all of the issues relating to petitioner's removal order and request for discretionary relief have previously been decided in other courts. As to his detention, Bustillo's petition also lacks merit. Bustillo is ready to be removed and thereby freed from detention. In fact, but for this petition, he would already be free. Moreover, petitioner has failed to serve respondents with the pleadings filed with the Court.

**BACKGROUND AND ALLEGATIONS**

Bustillo is a 41 year old native and citizen of Honduras, who has filed a pro se petition for a writ of habeas corpus. Bustillo concedes that he was convicted of an aggravated felony (drug offense) in the Superior Court of Providence County, Rhode Island.

Bustillo named the proper respondent, Bruce Chadbourne, Interim Field Director for the Boston Field Office of the Bureau of Immigration and Customs Enforcement (ICE), although the docket and orders received from the Court list the respondents as (INS) (DHS) and ROBARTO (sic) GONZALEZ.

**ARGUMENT**

A. **BUSTILLO'S CLAIMS HAVE ALREADY BEEN DECIDED**

Bustillo's claims in this Court follow on the heels and step on the toes of multiple petitions in the United States District Court for the District of Massachusetts and multiple appeals to the United States Court of Appeals for the First Circuit, and all except one of those has been denied. One appeal in the First Circuit remains pending on an order directing petitioner to move for voluntary dismissal or show cause why his petition should not be dismissed. A summary of all of the located case dockets appears below.[1] No new issues have been raised in the pleadings filed with this Court.

a. Bustillo, et al. v. Gonzales, U.S. Court of Appeals, First Circuit, Docket No. 06-1195, filed 1/25/06, order issued on 2/8/06, petition for review is untimely and motion for stay of deportation and motion for appointment of counsel are denied, petitioner is ordered to move for voluntary dismissal or show cause why petition

---

[1] It is not known if this is an exhaustive list of petitioner's filings in other courts.

should not be dismissed (Exhibit A);[2]

b. Bustillo, et al v. Gonzales, U.S. Court of Appeals, First Circuit, Docket No. 05-1277, filed 3/2/05, detailed decision issued on 9/20/05. The First Circuit denied petition for review and motion for release on bond after considering Bustillo's claims that the BIA abused its discretion, his claims of ineffective assistance of counsel and his claims regarding collateral immigration consequences and their effect in removal proceedings. The First Circuit also rescinded the stay of deportation it had issued. Multiple requests for reconsideration were all denied and mandate issued on 12/19/05. Most recently, on 2/8/06, the "supplemental brief based on new evidence" and the "motion for rehearing of 212( c), construed as motions to recall mandate, were denied (Exhibit B);

c. Bustillo v. Chadbourne, U.S. District Court, District of Massachusetts, Docket No. 05-11414, filed 6/28/05, petition for writ of habeas corpus denied; judgment in favor of respondents, 1/3/06 (Exhibit C);

d. Bustillo v. Ridge, U.S District Court, District of Massachusetts, Docket No. 05-10392, filed 3/1/05, petition for writ of habeas corpus denied as moot and case terminated on 3/1/05 (Exhibit D);

e. Bustillo, et al. v. INS, U.S. Court of Appeals, First Circuit, Docket No. 97-1512, filed 5/2/97, petition for review and motion to stay deportation denied due to lack of jurisdiction, mandate issued 6/30/97 (Exhibit E);

**B. THIS COURT LACKS HABEAS JURISDICTION OVER ANY NON-DETENTION HABEAS CLAIMS**

"[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993). Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant-respondent may move to dismiss an action if the district court does not have subject matter jurisdiction over the claim.

Challenges to a court's subject-matter jurisdiction fall into two general categories; facial attacks and factual attacks. A facial attack challenges the sufficiency of the pleading itself.

---

[2] All exhibits are attached to respondents' motion to vacate, filed concurrently with this motion to dismiss.

Factual attacks, on the other hand, challenge the court's very power to hear the case, the existence of subject-matter jurisdiction. Ruff v. Runyon, 60 F. Supp.2d 738 (N.D. Oh. 1999), citing United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994). When the attack is factual:

> the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Moreover, the plaintiff has the burden to prove the existence of jurisdiction. General Contracting and Trading v. Interpole, 899 F.2d 109, 114 (1st Cir. 1990); RMI Titanium Co. v. Westinghouse Electric Corp., 78 F.3d 1125, 1134 (6th Cir. 1996).

In reviewing factual attacks, a court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Ritchie, 15 F.3d at 592. Accord, Gordon v. National Youth Work Alliance, 675 F.2d 356, 362-63 (D.C.Cir. 1982). A court has great latitude to make such factual findings when deciding a motion challenging its subject-matter jurisdiction. Rivera-Flores v. Puerto Rico Telephone Company, 64 F.3d 742, 748 (1st Cir. 1995). This motion presents a factual attack upon the court's subject-matter jurisdiction.

To the extent petitioner challenges the underlying removal order, such claim is improperly before this Court, which, in the immigration context, only has habeas jurisdiction over pure challenges to detention. The decision or action by the Attorney General to commence proceedings, adjudicate cases or execute removal orders, cannot be challenged in the district courts, pursuant to the Real ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231, 302. INA

§ 242(g), as amended. Enwonwu v. Gonzales, 2006 WL 321186, *1 (1st Cir. Feb. 13, 2006).[3] Moreover, petitioner's claims have already been fully litigated in the District Court of Massachusetts and in the First Circuit Court of Appeals. As such, they are barred by the doctrines of res judicata and/or collateral estoppel. See, e.g., Faigin v. Kelly, 184 F.3d 67, 78 (1st Cir. 1999).

### C. PETITIONER'S HABEAS CLAIM BASED ON HIS DETENTION IS FRIVOLOUS

To the extent petitioner challenges only his detention, his claim lacks merit. See, "Bond Review Through Habeas Corpus," pp. 1, 4 ("he is likely to remain in this Country for a very long time and doing so may also remain unlawfully incarcerated for an extended period of time ..." "There is no significant likelihood of removal in the reasonable (sic) foreseeable future ..."). The only reason Bustillo remains detained is that he filed this petition. His removal had been scheduled for the week of February 13, 2006. But for the filing of this petition and the stay of removal issued on February 14, 2006, Bustillo would already be a free man. In other words, he holds the key to his cell in his pocket. Fahim v. Ashcroft, 227 F.Supp.2d 1359, 1366 (N.D.Ga. 2002) ("To the extent that the petitioner may hold, in part, the keys to his jail cell, he cannot complain, when he hides those keys, about his continued detention."); Pelich v. I.N.S., 329 F.3d 1057, 1057 (9th Cir. 2003) ("The risk of indefinite detention that motivated the Supreme Court's statutory interpretation in *Zadvydas d*oes not exist when an alien is the cause of his own detention. Unlike the aliens in *Zadvydas,* Pelich has the keys to his freedom in his pocket") (internal citation and quotations omitted).

---

[3] Respondents do not suggest that a pure detention challenge is similarly barred.

**D. PETITIONER HAS FAILED TO PROPERLY SERVE THE UNITED STATES**

Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure provide for dismissal of an action for insufficiency of process and insufficiency of service of process, respectively. Rule 4(i) of the Rules specifies the manner of service upon the United States. Because petitioner failed to serve the United States Attorney, the Attorney General and the Agency, as required by the Rules, his petition should be dismissed and the relief sought denied.

**CONCLUSION**

WHEREFORE, the petition for writ of habeas corpus should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER #3415
Assistant United States Attorney
Fleet Center, 8th Floor
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 1st day of March, 2006, a true and correct copy of the foregoing Motion to Dismiss was served on Petitioner, by mailing same, by first-class mail, postage prepaid, to:

Rodney Alfred Bustillo
Wyatt Detention Center
950 High Street
Central Falls, RI 02863