**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RODNEY A. BUSTILLO, SR., [A190325551]), Petitioner | ) | |
| v. | ) | C.A. No. 06-63S |
| IMMIGRATION AND NATURALIZATION SERVICE, DEPARTMENT OF HOMELAND SECURITY, AND ROBERTO GONZALES, Respondents | ) | |

**RESPONDENTS' MOTION TO VACATE**

Respondents hereby move to vacate the stay of Rodney A. Bustillo, Sr.'s removal order, for the reasons set forth in the accompanying memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER #3415
Assistant United States Attorney
Fleet Center, 8th Floor
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 1st day of March, 2006, a true and correct copy of the foregoing Motion to Dismiss was served on Petitioner, by mailing same, by first-class mail, postage prepaid, to:

Rodney Alfred Bustillo
Wyatt Detention Center
950 High Street
Central Falls, RI 02863

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RODNEY A. BUSTILLO, SR., [A190325551]), Petitioner | ) | |
| v. | ) | C.A. No. 06-63S |
| IMMIGRATION AND NATURALIZATION SERVICE, DEPARTMENT OF HOMELAND SECURITY, AND ROBERTO GONZALES, Respondents | ) | |

**MEMORANDUM IN SUPPORT OF RESPONDENTS' MOTION TO VACATE**

On February 14, 2006, this Court ordered that petitioner's removal from the United States be stayed pending further order of the Court. Respondents move to vacate that order for the following reasons:

1. This petition is frivolous. It follows on the heels and steps on the toes of multiple petitions in the United States District Court for the District of Massachusetts and multiple appeals to the United States Court of Appeals for the First Circuit, and all except one has been denied. One appeal in the First Circuit remains pending on an order directing petitioner to move for voluntary dismissal or show cause why his petition should not be dismissed. A summary of all of the located case dockets appears below.[1] The dockets themselves are attached. Nothing new has been raised in the pleadings filed with this Court.

a. Bustillo, et al. v. Gonzales, U.S. Court of Appeals, First Circuit, Docket No. 06-1195, filed 1/25/06, order issued on 2/8/06, petition for review is untimely and motion for stay of deportation and motion for appointment of counsel are denied, petitioner is ordered to move for voluntary dismissal or show cause why petition

[1] It is not known if these cases represent an exhaustive list of petitioner's filings in other courts.

should not be dismissed (Exhibit A);

b. Bustillo, et al v. Gonzales, U.S. Court of Appeals, First Circuit, Docket No. 05-1277, filed 3/2/05, detailed decision issued on 9/20/05. The First Circuit denied petition for review and motion for release on bond after considering Bustillo's claims that the BIA abused its discretion, his claims of ineffective assistance of counsel and his claims regarding collateral immigration consequences and their effect in removal proceedings. The First Circuit also rescinded the stay of deportation it had issued. Multiple requests for reconsideration were all denied and mandate issued on 12/19/05. Most recently, on 2/8/06, the "supplemental brief based on new evidence" and the "motion for rehearing of 212( c)", construed as motions to recall mandate were denied (Exhibit B);

c. Bustillo v. Chadbourne, U.S. District Court, District of Massachusetts, Docket No. 05-11414, filed 6/28/05, petition for writ of habeas corpus denied; judgment in favor of respondents, 1/3/06 (Exhibit C);

d. Bustillo v. Ridge, U.S District Court, District of Massachusetts, Docket No. 05-10392, filed 3/1/05, petition for writ of habeas corpus denied as moot and case terminated on 3/1/05 (Exhibit D);

e. Bustillo, et al. v. INS, U.S. Court of Appeals, First Circuit, Docket No. 97-1512, filed 5/2/97, petition for review and motion to stay deportation denied due to lack of jurisdiction, mandate issued 6/30/97 (Exhibit E);

2. To the extent petitioner challenges the underlying removal order, such claim is improperly before this Court, which, in the immigration context, only has habeas jurisdiction over pure challenges to detention. The decision or action by the Attorney General to commence proceedings, adjudicate cases or execute removal orders, cannot be challenged in the district courts, pursuant to the Real ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231, 302. INA § 242(g), as amended. Enwonwu v. Gonzales, 2006 WL 321186, *1 (1st Cir. Feb. 13, 2006).[2] Moreover, petitioner's claims have already been fully litigated in the District Court of Massachusetts and in the First Circuit Court of Appeals. As such they are barred by the doctrine

---

[2] Respondents do not suggest that a pure detention challenge is similarly barred.

of res judicata and/or collateral estoppel. See, eg., Faigin v. Kelly, 184 F.3d 67, 78 (1st Cir. 1999).

3. To the extent petitioner challenges only his detention, his claim lacks merit. See, "Bond Review Through Habeas Corpus," pp. 1, 4 ("he is likely to remain in this Country for a very long time and doing so may also remain unlawfully incarcerated for an extended period of time ..." "There is no significant likelihood of removal in the reasonable (sic) foreseeable future ..."). The only reason Bustillo remains detained is that he filed this petition. His removal had been scheduled for the week of February 13, 2006. But for the filing of this petition and the stay of removal issued on February 14, 2006, Bustillo would already be a freed man. In other words, he holds the key to his cell in his pocket. Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002) ("To the extent that the petitioner may hold, in part, the keys to his jail cell, he cannot complain, when he hides those keys, about his continued detention."); Pelich v. I.N.S., 329 F.3d 1057, 1057 (9th Cir. 2003) ("The risk of indefinite detention that motivated the Supreme Court's statutory interpretation in *Zadvydas d*oes not exist when an alien is the cause of his own detention. Unlike the aliens in *Zadvydas,* Pelich has the keys to his freedom in his pocket") (internal citation and quotations omitted).

4. Petitioner's claims are improperly before this Court, as he was detained in the District of Massachusetts at the time he filed his petition. See also, Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and 8 U.S.C. § 1226( c), ¶¶ 5, 6 and 8.

WHEREFORE, the order staying petitioner's removal should be vacated.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 1st day of March, 2006, a copy of the within was served by first class mail, postage pre-paid as follows:

Rodney A. Bustillo, Sr.
Wyatt Detention Center
950 High Street
Central Falls, RI 02863