UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RODNEY A. BUSTILLO :
:
v. : C.A. No. 06-63-S
:
IMMIGRATION AND NATURALIZATION :
SERVICE, et. al. :

**REPORT AND RECOMMENDATION**

In this matter, Petitioner, Rodney Bustillo ("Bustillo") filed an Application to Proceed Without Prepayment of Fees and Affidavit on February 10, 2006. (Document No. 4). At the time of filing, Bustillo's Application was incomplete, therefore he subsequently resubmitted his Application with a printout of his "Resident Account Summary" from the Wyatt Detention Center. The Resident Account Summary was not certified as directed in the "Notice to Prisoner" portion of the form. Nevertheless, the information included provides a sufficient basis for the Court to determine Bustillo's eligibility for IFP status. This matter has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. The Court has determined that no hearing is necessary. After reviewing the documents submitted, I recommend that the Application to Proceed Without Prepayment of Fees be DENIED.

Petitioner had a balance of $199.18 in his inmate account at the Wyatt Detention Center as of February 23, 2006. His Resident Account Summary shows that he regularly receives deposits into his account in the form of money orders. Given the balance in his account, Petitioner is able to pay the $5.00 filing fee set forth in 28 U.S.C. §1914(a). Accordingly, Petitioner has sufficient funds to proceed with his case without *in forma pauperis* status.

**Conclusion**

For the foregoing reasons, I recommend that the Petitioner's Application to Proceed Without Prepayment of Fees (Document No. 4) be DENIED without prejudice to renewal of the Motion in the future if there is any change in Petitioner's financial circumstances. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
March 13, 2006