THE UNITED STATES DISTRICT COURT OF
THE DISTRICT OF RHODE ISLAND

RODNEY A BUSTILLO SR.
A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

v. C.A.NO. 06-63S

Immigration and Naturalization Service, Department of Homeland Security, and Alberto Gonzales,
Respondent

MOTION OBJECTING MOTION TO DISMISS

On or about February 6, 2006, Rodney A Bustillo Sr. (Petitioner or Bustillo) filed with this Court Several documents, Entitled Claim for Citizenship and also filed a motion asking the Court to release him on Bond while case Pending and claiming that yes he was entitle for Bond relief and Interim filed supporting Documents.

Now the respondent States that Bustillo is looking for review of his Bond this is Error by Respondent again, Bustillo if Court Mis-understood the claim please except this as a correction with respect to this Honorable Court because Bustillo's Intention is not to Confuse the Court in any way but just looking and asking for justice.

With no disrespect to the Court but to make it very clear to respondent so we have no more misunderstanding and no more rock thr-owing. The Claim is of the Nature of my Claim to Citizenship and for the Court to please look into all facts that have been presented, ask-ing nothing more nothing less from this or any other Court JUSTICE! on or before fileing Petitioner called the Court asking if this was the Correct fileing through the 28 U.S.C Section 2241 Petitioner was and still not sure if this was correct but from reading past history it States that in Habeas Corpus, as we have noted, the Issue of the Citizenship of a person sought to be deported has always been subject to Inquiry, and on such an Issue the Petitioner in Habeas Corpus is is entitled to a Judicial trial de Novo. Ng Fung Ho v. White, Supra;

Then it go's further in saying that the Supreme Court has held that Habes Corpus is not the Sole remedy Available to an excluded alien under the 1952 ACT: and that can bring suit for a declaratory Judgment under Section 10 of the administrative procedure act, and can secure relief of the same scope on the Merits as Habeas Corpus would provide, See Brownell v. we Shung, we hold that the Issue of Citizenship, properly raised, is to be tried De Novo in a Suit under Section 10, If Plaintiff so Requests.

Respondent even go's as far to confuse the Petitioner and the Court Stateing that Bustillo is looking for Discretionary relief this is true but not in this Court, the fact is, to clear up the respondent's Fog Cloud like message, Bustillo sent a copy of his 212 (c) motion that is in front of the First Circuit Court Just in case the respondent tryed to bring the Issue up which they did I have nothing to hide from the Court just trying to get back to my wife and five children after 2 years of Detention. As to the comment about Detention stateing that I am free if this is so why am I still at the Wyatt if they mean for me to give up fighting for my right to be in a Country that I fought for in the Military the same Country I Bustillo was willing to give his life for no matter what the out come, give up my fight to stay in the only Country that I know for over 36 years and were my children are and be sentence to death because of a pleaing back 11 years ago, NO! I will not give up my fight and if that,s what they call free well I really feel for them moreover, the respondent go's as far to say that Bustillo has failed to serve Respondent with pleadings filed with this Court, I bring again with respect to the Court if this is so how is it that respondent can write this and any other motion to dismiss if they have nothing to support there allegations. As far as all the Allegations Bustillo even wrote the Court asking to please send copys to respondent on his behalf because of the lack of access to Copying and other things while being

detain so again respondent Error's and this is why Petitioner wrote the Courts because of the tactics of respondent it's not about right and wrong or family I am not a TERRORIST, I am a Tax payer and a father and my children need me.

Background

Bustillo is a 41 Year old Hondurian that came to this Country from the age of (5) June 13, 1970 who has done all his schooling and has made a life in Rhode Island a State with-in the United States, Right from high school join the united States Army Infentry 1982-1985 from that time has given to his Community and his family 5 small children and a New born Grandchild and work very hard all his life yes he made mistakes in his life and we all do and we learn from them mistakes as what Bustillo did after pleading out Dated 1995 in fact this case at the time is reopen for hearing date March 15, 2006 in the Superior Court of Providence RI for post Conviction relief base on facts.

The respondent fails to tell the Court that Bustillo is a owner of his Business with up to sixteen Employees each year Bustillo Concrete Co. over 6 years in Business and a member of the minority Bustiness of RI, Member of the Local 271 labers union, Member of the Cement Finishers union locol 40, and Member of Chambers of Commerces of RI, Coach Football Baseball, Basderbll, for the Community over 10 years given back to the children none of this is brought up.

ARGUMENT

A. Bustillo's Claims Have Not Been Decided, Bustillo's claims have and still are in front of the Court of appeals for 212(c) review about the Untimely Motion that has not been Decided, I Bustillo Date March 3, 2006 called the first Circuit Court to find out how true the allegations were, and the Court Stated that the case 06-1195 is still in front of the Judge pending because of Bustillo's showing cause, and Bustillo has

filed proof with motion showing the Court why this case should be heard.

It is true that the Claims in Docket No 05-1277 filed 3/2/05 have been denied why as stated motions that were sent in to the Court of Appeal Stated and ended the wrong way this all Done by a Lawyer by the name of George Bobcock come to find out he was not even a (INS) Attorney, the thing about all this is that Attorney Bobcock is not the only Lawyer doing this to people in this State I hate to think about the Country, taken peoples money and getting them Deported because of there lack of knowledge with Immigration Law.

Bustillo shouldn't be punish because of the hand of an-other of the Court would please look into the State files would see that George Bobcock is not a (INS) Lawyer and him and anyone else doing this shold be stop in Justice name. The case that was filed in Massachusetts, Bustillo v. Ridge Docket NO. 05-10392 was also filed By George Bobcock and at this time Bustill was not in Massachusetts because (DHS) had moved Bustillo tyring to Deport him and wrong motion was filed again because lack of JUsrisdiction.

The case of Bustillo v. Chadbourne was proper in the Court because that is wre Bustillo was being detain for 9 Months years 2004-2005 the reason for denying Bustillo was because the Court believed (DHS) Stateing that Bustillo would be removed and also the fact that (DHS) Continued too move Bustillo from (RI Wyatt), to (Boston Southbay) then to (Bristal Mass), Now back to the (Wyatt) all in the past 24 Months still in Detention this is not the American way I am not a Terrorist what really hurts is in the time I have in Detention I have seen more people without papers get <u>Bond</u> I mean people with no family ties, No jobs, never paid Tax, never been to school in this Country, and so on they get bond were a person that has served in the Army and been here all his life cann't see the light of Day in-order to be free in this Country to Support his children

something is wrong. Bustillo V. INS Docket No. 97-1512 1997 lack of Jurisdiction but then got the chance to go in front of the (IJ) and won the case 212(c) relief I ask the Court with respect why do we have a Judge it semms like the (DHS) has taken all the power out of the Judges hands. B. If Petitioners Motion to this Honorable Court was Just about the Detention the (DHS) would be in violation of there own Detention law keepiing a person in jail while he looks for his right under the fifth Amendment, Bustillo has not done any thing against any (INS) law but fighting for his right to be in this Country, not even the true Americans the Native American Indians have any Rights and that is wrong, please take a look at (EXHIBIT A) 2 pages. If the Court would please note that there is nothing in the law or the Supreme Court's Interpretation in Zadvydas that said that a petitioner can not use what ever legal avenue he has to fight his case. Also in Zadvydas the Supreme Court sets forth the standard for the Habeas court to Apply in reviewing the Lawfalness of detention under 8 U.S.C. & 1231 (a)(6): The Court must ask whether the detention in question exceeds a period reasonably reasonableness primearily in terms of the Statute's basic purpose, namely assuring the alien's presence at the moment of removal. Thus if removal is not reasonably foreseeable, the Court should hold continued detention unreasonable and no longer authorized by Statue. In the respondent's own words (page 5) there is no significant likelihood of removal in the foreseeable future, with that said Bustillo should be release on Bond and there is a likely hood of Bustillo winning his claim of Citizenship base on all the proof and Document. (EXHIBIT C) THe extent of Petitioner challenges the underlying Deportaion such claim is in the first Ciruit Court this has been establish

Petitioner has tryed to make very clear that he is asking the Court for Bond while case pending because being detain taken away his right to procedural due process and will continue to be violated in his Cointinued

Detained persons will not receive a fair review of their request to be released and increases the risk that they will be erroneusly deprived of further liberty, and a fear chance to prove themself.

It has been proven that Bustillo is not a flight risk or danger to Community and should be allowed to fight with-out his hands tied, also would like for the Court to take note that Bustillo case started some ten years ago way before the Real ID ACT.

The fact is claim of Citizenship again and respondent seems to stay away from that subject throut the whole brief I am a United State Citizen! The respondentState that Bustillo will remain unlawfully incarcerated for an extended period of time and that there is no significant likelihood of removal in the Foreseeable future. The law states that when there is no foreseeable future petitioner should be release, I am asking for Bond that has been do for over 2 years. There is no law that States I cann't Legally fight entil that law is pass I will do what it takes to get Jus-ice.

C. JURISDICTION

The respondent put it very clear for the Court and for Petitioner in citing United States v. Ritchie, 15 f.3d 592,598 (6 Cir 1994) When the attack is factual: the trial Court is free to weigh the evidence and sat-isfy itself as to the Existence of it's power to hear the case.then they go on to say in short, no Presumptive truthfulness attaches to plaint-iff's Allegations, I Bustillo have sent to this Court all the proof that can prove to the Court that I am a Citizen. Proof of my Application for Citizenship dated 1986, Proof of my Mothers Citizenship, Proof of my Grandmothers Citizenship, Proof of Birth Certificates, Proof of Birth Cerificates, Proof of address over 36 years never change, Proof of (IJ) granting 212 (c), Proof of 1996,1999 case being Misdemeanors and many

other things as to Business and Community Act. This proves to the Court that Bustillo is not just telling storys or making alegations thos is no game to me it's about my life, and I hope and pray that the Court take this matter as serious as I because this is not about Number, about how many people we can deport out of the Country, this is about 5 children being left with out a father and some one, who has served this Country with his life.

Again Bustillo is not looking for review of Citisenship, Bustillo is Claiming! what is rightfully his and asking this Court to grant him a hearing. This is not about removal order that is already in the First Circuit Court as Stated already District Court has claims to Nationality in the Judical were Petitioner resides for a hearing under section 2201 of title 28, 8 U.S.C & 1252 (b)(5), See Lee v. Ashcroft U.S Dist Court of (E.D.N.Y) had Jurisdiction over claim of Citizenship. Bustillo's Claim for Citizenship is on like any other because of these facts: he falls under 8 U.S.C & 1432 and 8 U.S.C. & 1101 or * U.S.C. & 1401 all prior to February 27, 2001 look at (EXHIBIT B), JURISDICTION FOR CITIZENSHIP CLAIM

The court of appeals, Washington, Circuit Judge, held that in suit in District Court, Seeking review alleged alien was entitled to a trial de-Novo-on Issue of Citizenship. See Joseph Frank V. William P. Rogers 8 U.S.C.A & 1101 et Seq until alleged alien's claim of Citizenship is resolved, propriety of entere deportation in Executive to order deportation exists only if the person arrested is an aliesn, so that claim of Citizenship is thus denial of an essential Jurisdictional fact, (INA) Habeas Corpus, in a Habeas Corpus proceeding, Issue of Citizenship of a person sought to be deported is always subject to inquiry, and on such an Issue Petitioner is entitled to a Judicial Trial de Novo.

In a Claim of Citizenship in Deportation proceedings Judicial trial

de Novo. In a Claim of Citizenship in Deportation proceedings Judicial trial becomes a Constitutional requirement because of the defference in security of Judicial over Administrative action, Ng Fung Ho v. White.

Arthur Espineli Reyes filed Claim in the United States District Court for the Southern District of California Claiming Citizenship also had hearing. Bustillo filed for Citizenship no more then maybe 6 Months from his descharge from the Army 8 U.S.C. & 1440 (a) armed conflict during armed Conflict during 1983 Granada Bustillo served 1982-1985 even if this does not count as war time Bustillo still served this Country. (INA) U.S.C. & 1440 Boatswain v. Ashcroft 267 F.Supp.2d377, 2003 U.S. Dist. Lexis 9555 (E.D.N.Y. 2003) the diffrence between Bustillo and Boatswain Bustillo had put in application for Citizen ship 10 years before ever getting into any trouble with the Courts and should have a chance to a hearing in District Court to prove himself.

Salvatore Castigla v INA, The United States District Court for the Eastern District of New York Recently Characterized this section of the regulations to "Permit Veterans to apply for Naturlization duing removal proceedings "Boatswain v. Ashcroft.

Bustillo all ready appliead before any removal orders or any criminal activity and should be Considered for the reason stated. 1. Army Veteren, 2- Mother Citizen before his 18 birthday 3- GrandMother Citizen before his 18 birthday 4- Stepfather Married to his Mother before his 18 birthday, and all his five children and his wife of 15 years all U.S.A Citizen, 6, Applied for Citizenship 1986.

A- Note to the Court with respect look at all of the tdenials from District Court 90 percent of the applications were place after criminal acts people used the application just to protect thereself after the fact were if the Court would look at Bustillo's case he applied befor hand and

and pleadout with-out knowing that it would affect him this way some 10 years later and again should be given the chance in Court.

The respondent States that Petitioner can not file in the United States District Court a petition for review of an order from or final order this because of the Real ID Act were in fact this is an Error, because the fact is Bustillo's case was way before the Real ID act see Arriola-Arenas V. Ashcroft 2004 U.S. Dist (E.D.PA., Nov 8, 2004) and this was under the 28 U.S.C. & 2241 in Habeas Petition so in fact if Bustillo were to have his 212(c) review done by this Court of if the Court finds it just it would be proper in this District Court by law.
1- Is because Bustillo is asking for review of the way (BIA) reverst the decision of the (IJ) after granting 212(c) and how the (BIA) Misa-ppropriately Ignored the facts of the (IJ) and the (Loc Rule) hardship and family ties with this said Bustillo will leave the decision were it should be with the Honorable Judge and I do believe that the right Jusice aill come to light.

Petitioner with-out a Doubt hates to use this case as proof of the fact that District Court can and has the right to hear or review cases that were before the Real ID act but has no choice See Pereira V. Gonzales United States District Court of Rhode Island. The reason why Bustillo hates to use this case is because of the Nature of Pereira Convictions but still doen't change the fact that District Court had Jurisdiction.

If infact respondent relies on cases to support it's Argument for lack of Jurisdiction: Perdomo-Padilla v. Ashcroft, 333 F.3d964 (9 Cir 2003) Tellez v. U.S. INS 91F, Supp. 2d 1356 (C.D. CAL 2000): Apokarina v. Ashcroft, 232 F. Supp. 2d 414 (E.D.P.A. 2002). None of these Involve & 1440 Petitioners, and are thus inapposite. Even if these cases were applicable, they have been abrogated or called into Question, as the District Court sees it 1421 (c) plainly Confers Jurisdiction on(372

(372 F. Supp.2d 1100) District Courts to review any denial of an application for Naturalization, note Bustillo was and has not been barred from being a Citizen they just make him absent this should have been Investigated in Justice name. See United States District Court 2005 372 F.Supp.2d 1097 O'Sullivan V. United States Citizenship & Immigration servs June 9, 2005, like this case Bustillo just ask for his day in Court to go to trial and let the people of this fine Country render the Decision because Bustillo without any Doubt is a U.S.A Citizen.

Not only is Bustillo a Citizen through the Application but also through the law under Derivative Citizenship though his mother becomeiing a Citizen before he was 18 years old and the fact that his mother Married to his Stepfather which supported Bustillo from the age of five entil Bustillo's goin into the U.S.ARMY Petitioner Qualified for Citizenship under 8 U.S.C.S & 1409 and as Citizen was not subject to removal because he was not out of wedlock his Step fathers Marriage to his mother ,who accepted him and raised him as member of family legitimized him See Solis Esponza v Gonzales (2005 Cap CAL) 401 f3d 1090.

See 8 U.S.C. & 1432 (a)( A child born outside of the United States of alien parents becomes a citizen of the Untied States upon fulfillment of the following Conditions which Bustillo clearly falls under (1) The Naturalization of both parents; oft he Naturalization of the Surving parent if one of the parents is deceased; (3) The Naturalization of the parents haveing legal custody of the child when there has been a legal separation and if (4) such Naturalization takes place while such child is unmarried and under the age of eighteen years; and such child is residing in the United States pursuant to lawful admission for Permanent residence at the time of Naturalization admission for permanent residence at the time of Naturalization of the parent) Bustillo falls under all of these rules.

8 U.S.C. & 1401 (f) last but not lease Petitioner served int he U.S Army and applied for his Citizenship no more than 6 Months from his discharge from the Army and was never turned down but has always believed he was Citizen and has always been a citizen, I have taken the OATH of allegiance over and over I have plead Allegiance to this Country all my life in the Army and Evry day in School from the age of (5) five until 18 years old. 1970- 1985 I Pleadged a Allegiance to the flag of the United States of America and to the republice for which it stands one Nation Under god and Individual for Liberty and Justice for all. This was said everyday growing up and they say that I am not a Citizen not once in my life had I ever sade any thing of Hundores I do not know the Country. Question is haw can the (INA) mark a person absent when they nver sent as notice to show, this is not uncommen do to notices with is department. Bustillo has always lived as an American and have always believed so up to this date.

A) Statement to the Court

I Bustillo am not sure about the law about the way to claim my Citizenship, I hope and pray that this is the way to go about it and in fact if this is not the way to Claim what is rightfully or should be rightfully his through his (Army Sercive, throuigh his GrandMother being a Citizen through his Mother and father being Citizen and him applying and never being denied) Bustillo respectfully ask this Court to please give him the proper Guidance in order to get the right Justice and fair Justice Do.

Respondent has through there whole brief asking to dismiss and deny Petitioner Habeas Corpus, this again Petitioner will address and hope that the Court please Consider that Bustillo is asking for Bond while case pending about Detention the Court already know that

Is not new to the Court about Bustillo being in Massachusett when he filed his claims in 2005 it's clearly not true because Bustillo has talk to the Clerks office and his prison Counsel has always stated to the Court were the call was coming from plues the Court can see were all claims have been mail from by looking at each envelope, the respondent even go's as far as to state that Bustillo has never served the respondent with any cops of motions filed, these allegations are hard and very strong and can really do damage to my case if it were true that is why every tome I sent a Motion or any kind of document I wrote to the Court and ask the Court to please make copys and send to respondent so I would not get dismiss because of some wrong procedure and I myself sent out copys.

Question if I Rodney A Bustillo make false claims or make false allegations about respondent what would happen to me or my case I wonder? Just a Question? The Respondent has not one time said anything about my claim for Citizenship and that is the main thing in my Motion to this Court and Bond WHY? The respondent states that this Court has No Jurisdiction over these claims from Petitioner asking for his Citizenship and other claims that may he;p him in this Situation because of retroactivity Laws that were past after his ppleading back 1995 11 years ago the use of the realID act, Base on Constitutional Law doctrines the Supreme Court has struggled with these and other ploicy Concerns in effort to develop a sensible Jurisprudence of retroactivity, Current Law is the result of a Tortuous and Inconsistent legal history.

Conclusion

Respondents motion to Dismiss and Vactate should be Objected and allow Bustillo the Right to be heard and given the chance to prove his claim of Citizenship and grant the Bond so he maybe able to care for hisfamily like every American Citizen should.

There Is A copy of A motion That was Filed but was not sure what court To File with sending copys To each court was Filed with The (BIA) The First Time.
Motion To Submitt Supporting Documents For Reconsider Released on Bond

Respectfally Submitted
Rodney A Bustillo Sr
Wyatt Detention
950 High Street
Central Falls RI 02863

Certificate of Sevice

I Bustillo would like to ask this Honorable Court to please mail a copy of all the above with in this motion to the Respondent on behalf of Petitioner Rodney A Bustillo Sr because of no access to copying in this facility in order for this to be timely.

Respondent
Robin E Feder

Assistant United States Attorny
Fleet Center, 8 Floor
50 Kennedy Plaza
Prov RI 02903

A19-325-551

**MOTION TO SUBMITT SUPPORTING DOCUMENTS FOR RECONSIDER & RELEASED ON BOND**

**STATEMENT OF ISSUES AND SUMMARY OF ARGUMENT**

Now comes the Petitioner, (Rodney A Bustillo Sr)" Through Pro Se Hereby Respectfully moves this Court to his an order to Reconsider his case in the Proceedings of his 212(c) waiver & Removal/Deportation Proceeding Pursuant to Section 240(c) (6) 8 U.S.C.Section 1229 a (c) (6). as, Groudds therefore, Bustillo states as Follows:

1. Petitioner States and has proof of new Evidence that will help his case.
2. Petitioner is eligible for adjustment of status pursuant to the Act.
3. Petitioner in 1982 Served the United States Army Active Duty and received a Honorable Discharge in 1985.
4. Petitioner in fact put in a Application for Citizenship a little while after Serving the Country in 1986.
5. Petitioner States base on the fact that he Served the United States Army and Put in a Application for Citezenship he States that he maybe a U.S.A National Under Sec "8 U.S.C.& 1101 (a) (22), and cann't be Deported from the U.S.A. It states that a Application is the most Compelling Evidence of Perm Allegiance to the United States short of Citizenship Itself.
6. Petitioner would like to add the facts that Mr. Bustillo was charged by DHS for a 1995, 1996, and 1999 Operative Criminal Convictions which in RI the 1996 and 1999 charges were not felonys before or after being Reduce to less then one year, Bustillos 1995 case was reopen and now on appeal in the state Courts Making Bustillo not Deportable.
7. Petitioner's 1995 Conviction was before 1996 (IIRIRA) making him eligable for the 212(c) waiver and should not be subject to the Mandatory Detention under INA & 236 A.

**STANDARD OF REVIEW**

Petitioner States that this Review should in fact be done by the District Court or By the First Cir Court were his Case is now being Reviewed he believes.

**FACTUAL BACK GROUND**

Petitioner (Bustillo ) came to the United States on the Date of June 13 1970 As a Permanent Resident at the age of five with his sister and Brather, Bustillo has done all his schooling in this Country U.S.A from the first grade through the 12 grade. His entire Family lives in the United States he has no family back in Hundores and has never been back to that Country but one time in 1978 for 2 weeks, Bustillo Graduated from high school in 1982 and Join the U.S.Army Infentry Served his time in Panama and Fort Benning Georga Received a Honorable Discharge back in 1985, and in 1986 Bustillo put in a Application for Citizenship of the USA.

In 1986 Bustill :arted working for Cardi Constru on and other Construction Companys in RI, 1986 his first child was born Nydia Bustillo which is now 19 years old and has four other children all Born in the U.S.A in 1989 Taylor Delves 16 years old, Rodney A Bustillo Jr 1992 12 years old, Raeanne Bustillo 1997 7 years old and has a step son Aaron Decosta whom he has Raised sence the age of 3 years which is now 17 years old. Bustillo has a wife Randie Decosta whom has been with for the past 15 years, Bustillo was a owner of his own Company Bustillo Concrete Co Sence 1999 till (INS) Detention and had up to 16 men working for him, Bustillo hopes to get back to his work and Family, Bustillo was involve in the Community for the past 10 years was Caoching Youth sports Ages 6 to 16 In Prov RI Football, Baseball, Basketball and volunteered his time trying to make a diffrence with the west Elmwood Community Center.

**PROCEDURAL BACK GROUND**

Petitioner has been in Deportion Proceedings Sence 1995 for a conviction of Delivering of a controlled substance Plead Nolo Conten Received a 3 Month 1 day Sentence with 4 years suspended. Then in 1996 and 1999 Domestic charges which (INS) used to hold Petitioner in detention each charge In RI is less then one year and infact Minor Sentences not aggravated felony in (RI) or (INS) simple assault, in fact the (IJ) granted Petitioner Release on Personal recon (DHS) stated that (IJ) could not give personal, just Bond $1,500.00 or more but Bustillo's Lawyer at that time Errord because she never ask for the Bond and Bustillo rellied on his lawyer and for that he still sits in detention, not only has the (IJ) granted Bustillo Personal, but also granted Bustillo 212(c) Waiver and (BHS) appealed it and again Bustillo Lawyer Errored because never put in a Rebuttal on behalf of Bustillo.

(DHS) Appeal Bustillo's 212(c) waiver stating that the (IJ) abused her Discreation because of the 1996 and 1999 cases being one year sentence which in fact not true and had no proof of this, each case was less then one year and not a fellony so (DHS) is the one who Abused there Discreation and power.

Petitioner can put up to 3 Convictions on one Application for 212(c) waiver before 2001.

**ARGUMENT**

Petitioner argues that he should not be under Mandatory Detention under INA & 236A because he has never engaged in terrorist activity and the Attorney General has not Certified him as a suspect, Terrorist pursuant INA & 236A and Petitioner is not subject to INA & 236 (c) (1) because Petitioner has no feloney crimes after 1996 (IIRIRA) making Petitioner entitled to release on bond, unless convicted of certain crimes as terrorist act or is an arriving alien which in this case Petitioner is none of the above.

See Matter of 1, 15 I&N. Dec. 666 (BIA 1976) :vant part of section 236 of the act States that "except as provided in Subsection..the Attorney General may release the alien on Bond respondent is not a terrorist, and has never engaged in terrorist act and is not a arriving alien.

See Matter of Adenidi, 22I & N. Dec. 1102 (BIA 1999) hearing is separate from any deportation or Removal hearing or proceedings Judge may base his consideration that was and has beenPresented to him by alian or (DHS) See 8.F.R. & 1003.19 (d).

See Carlisle V. Landon 73 S.CT. 1179 (1953) Employment membership in Community Organrzations, manner of entry length of time in the United States U.S. Exrel Barbour V. District Director, 491 F.2d 573 (5 Cir). Cert. denied, 419 U.S.873 (1974): Matter of San Martin, 15 I.& N. Dec. 167 (BIA 1974) Respondent showing that he is not a Danger or flight risk.

See Esogbue V. Ashcroft 357 F.3d 352 ( Cir 2004) was realeased on Bond while case pending in lower courts, Petitioner states that (DHS) has abuse it's Discretion and Power, on the Bond Issue,

**ARGUMENT #2**

Petitioner States that he May be a National of the United States base on the facts:

See the Matter of Morin V. United States, 80 F.3d 124, 126 (4 Cir. 1996) Holding that an Application for Citizenship is sufficient to Establish one's Status as a U.S. National. In fact the Petitioner put in a Application for Citizenship back in 1986 right after serving for the U.S.Army.

See Dr Soto: Is a National of the United States a National of the United States maybe a Person who through not a Citizen of the United States owes permanent Allegiance to the United States, "8 U.S.C.& 1101 (a) (22) The District Court found that because Dr Soto was a permanent resident alien of the United States who had Applied for United States Citizenship he was indeed a National of the United States. We agree an Application for Citizenship is the most compelling Evidence of Permanent Allegiance to the United States Short of Citizenship itself.

See Perdomo - Padilla, 333 F.3d 964 Fell short of Allegiance, even though he served in the Military because he did not put in an Application for Citizenship.

In this case Petitioner (Mr Bustillo) Does not full short of his Allegiance to the United States he in fact put in a Application for Citizenship.

A. Petitioner Has been in the Country over 36 years.

B. Petitioner Has been a Permanent Resident sense 1970.

C. Petitioner Has been working and paying tex in the United States Sense 1978 and has his owen Business Sense 1999.

D. Petitioner Served the U.S.Army 1982 - 1985 with Honorable Discharge.

E. Petitioner Applied for his Citizenship in 1986.

F. Petitioner 5 [illegible]ldren are all U.S.Citizen [illegible]d his wife.

G. Petitioners Mother, FATHER, Grandmother, sister and brathers are all citizen of the U.S.A.

<u>See</u> <u>Lee</u> <u>v.</u> <u>Ashcroft</u> 216 F.Supp.2d 51 (E.D.N.Y.2002) PETITioner (Bustillo Sr) like Lee Came to the the United States at a youg age of five Lee was born 1961, Bustillo was born 1964, Lee came to the United STATES AS A Permanent Resident on February 7, 1973 Bustillo came as a Permanent Resident on June 13,1970. Lee's Parents became Citizens of the United States so did Bustillo's parent's and Grandmother. It also states that <u>Lee</u> <u>registered</u> for Selective Service on September 9, 1980 Petitioner Bustillo Sr <u>Served</u> <u>for</u> <u>the</u> <u>U.S.Army</u> <u>Active</u> <u>Duty</u> <u>1982</u> <u>Infentry</u> with <u>Honorable</u> <u>Discharge</u> <u>1985</u>.

Lee filed an Application for citizenship on July 13, 1998 Petitioner Bustillo filed an Applization for Citizenship on or before Sept 1986. Like Lee Bustillo was convicted of a crime and plead out Nolo in 1995 Petitioner was sentenced to 3 months incarceration, lee had 6 moths Incarcerated.

Petitioner Claims like Lee that he to is a National of the United States and cann't be deported.See 8 U.S.C.&1101(a)(3) (The term Alien mean any person not a Citizen or National of the United States) The INA defines a National as"

(A) A Citizen of the United States, or (B) A person who through not a citizen of the United States, owes Permanent allegiance to the United States. "8U.S.C.&1101 (a) (22). Petitioner argues that as a "National" not an alien, he should not be subjiect to deportation under INA & 237(a)(2)(a)(iii) which mandates the deportation of "any alien who is convicted of an aggravated felony "8 U.S.C.&1227 (a)(2)(a)(iii) such Nationals were deemed to owe allegiance tothe United States. See Oliver V. United States Dept of Justice, 517 f.2d 426, 428,N.3(2d cir.1975)

At a minimum it appears that to qualify as a National an individual must have demonstrated his or her Allegiance by appling for Citizenship <u>Hughes</u> <u>V.</u> <u>Ashcroft,</u> 255 F.3d at 756;

The Supreme Court has also identified the Application for Citizenship as a step in the process of Acquiring the full right of Citizenship, Johnson V. Eisentrager, 339 U.S. 763, 769-770, 941.ed.1255, 70s. Ct. 936 (1950).

<u>See</u> <u>Shittu</u> <u>V.</u> <u>Elwood</u> he had applied for Naturalization but was convicted of aggravated felony his professed allegiance was nomore than a convenient cover for illegal avtivity.

In Bustillo case unlike Shittu, Bustillo has been a Permanen Resident for 36 years. He entered the United States as a child and has never lived anywere else since. Bustillo is Married Commen law in RI for 15 years with a United States Citizen he has 5 Citizen children, both parents are Naturalized citizens, all ties are to and in the United States.

Petitioner has Objectively Demonstrated his Alligance to the United States, prior to his arrest in 1995 Petitioner filed his Application for Citiezenship 1986, thereby Expressing his willing ness to take an oath of Allegiance to his adopted Country. In addition, his entry into the U.S.Army Infentry out of high School 1982, Further indicates his loyalty to the United States.

Bustillo has all was work and paid tax in this country and [illegible]

and has owned hi usiness in RI for the past years with 16 emplyees, Prior to his arrest in 1995 Petitioner filed his Application for Citizenship 1986, thereby Expressing his willingness to take an oath of Allegiance to his adopted Country.
In Addition, his entry into the U.S.Army Infentry out of high school 1982, further indicates his loyalty to the United States.

While the Court does not condome his criminal activity the petitioner Bustillo has showde in the past and the present the changes in his life for the Community let alone the Country willing to give his life.

ARGUMENT#3

Petitioner Bustillo Argues the clear and undeniable fact that he is eligible for 212(c) waiver of the INA, 8 U.S.C.&1182 (c) because his 1995 conviction predated the repeal of sec 212(c) and, despite his controlled substance offense, he would be eligible for Cancellation of removal under section 240A of the INA 8U.S.C. & 1229b.

Petitioner Bustillo would like to include to his argument case of INS V. Enrico St.Cyr Supreme Court of the United States See St. CYR 533 U.S.At 315. He became Eligible for a disretionaty waiver of deportation under the prevailing 533 U.S.at 315 also like ST.CYR Bustillo Plead to a conviction before 1996.

212 R.3d 33 Lynch, Circuit Judge Stated that before 1996, a lawful permanent resident aliens who were deportable because they had committed certain offenses had one hope to remain in the united States and Apply for 212(c) waiver and the Attorney General could Grant relief. In the years Immediately the Statute's passage, over helr the Applications were granted.

See Lok V. INS, 681 F.2d 107 (2d Cir. 1982) ( If the Individual could expect to have the seven years by the time of Deportation proceedings he or she could be assured of being able to seek the waiver).

The Immigration Judge's decision to grant the waiver depends upon a weighing of many factors.

A) Family Ties with in the United States.

B) Residence of long Duration in the Country.

C) Evidence of hardship to Individual and family if Deportation were to occur.

D) Service in this Countrys Armed Forces History of Employ ment, Exixtence of property or Business ties, Evidence of service to the Commenity.

E) Proof of Rehabilitation, and other evidence attesting to an individual's good character and likelihood of future positive contributions to American Society. See Generally Matter of Marin, 16 INT. Dec. 581 (BIA 1978).

Also prior to AEDPA and IIRIRA, aliens like ST.CYR had a Significant likelihood of receiving & 212(c) relief, Because respondent, and other aliens like him almost certainly relied upon that likelihood in deciding whether to furgo their right their right to a trial, the elimination of any possibility of 212 (c) relief by IIRIRA has an obvious and severe retroactive effect. See Matters Wallace v. Reno 194 F.3d 279 (1 Cir 1999) and Mattis V. Reno, 212 F.3d 31 (1 Cir 2000).

(EXHibiT A)

Treason, sabotage, disclosing classified information, and revealing the identity of undercover agents.

Further, to address the concerns raised by commenters concerning procedural protections for permanent residents, the Department has also modified the final rule in three ways as it applies to permanent residents. First, the final rule requires that an alien, including one admitted as a nonimmigrant, receive a sentence (or sentences in the aggregate) of at least 2 years, not including portions suspended, in order to trigger the requirement of sec. 236.1(c)(5). Permanent residents with less than the required sentence of 2 years will be eligible for an individualized custody determination. Other lawfully admitted aliens with less than the required sentence will be considered under sec 236.1 (c)(4). Second, the final rule will exempt from sec. 236.1(c)(5) permanent residents who have remained free of convictions, immigration violations, and the like for an uninterrupted period of 15 years prior to the institution of proceedings (not including any periods of incarceration or detention.

Please take a look at theses rules that were written by federal, congress, law makers but yet they brake there own rules base on this rule Bustillo clearly should not of been place in detention for this and all evidence that has been in front of

 A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

(Exhibit A)

63 Federal Register

63 FR 27441 May 19, 1998, As Corrected June 12, 1998

The Department has long maintained, and continues to maintain, a policy of special care with regard to procedural protections for permanent resident aliens. This rulemaking does not depart from that tradition. Permanent resident aliens retain the full panoply of rights and privileges in removal proceedings. The final rule affords a full discretionary custody determination to nearly all permanent resident aliens during such proceedings, and makes exceptions only in the extreme circumstances specified in sec. 236.1(c)(5).

The circumstances covered by sec. 236.1(c)(5) of the proposed rule uniformly present compelling indicia of flight risk and danger to the community. First, to be subject to the TPCR, an alien must have a serious criminal conviction constituting a basis for removal from United States. (Indeed, not all crimes constituting grounds for removal trigger the TPCR). Second, in order to be subject to mandatory detention, a permanent resident alien must either (1) have escaped or attempted to escape from a prison or other lawful government custody; (2) have fled at high speed from an immigration checkpoint; or (3) have been convicted of one of the crimes specified in sec. 236.1(c)(5)(i)(A). The specified