# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

No. 06-1195

RODNEY ALFRED BUSTILLO
Petitioner

v.

*ALBERTO GONZALES*, Attorney General
Respondent

**NOTICE OF DEFAULT AND INTENT TO DISMISS**
ORDER OF COURT
ENTERED: March 8, 2006

Our records indicate that the docket fee of $250.00 has not been paid **to the Clerk of the Court of Appeals** in accordance with Fed.R.App.P. 15(e) and Local Rule 3(b) of the Federal Rules of Appellate Procedure. If payment has been made, please submit a copy of the receipt, referencing the above docket number, to the Court of Appeals.

If the petitioner is indigent and unable to pay the docketing fee, an application to proceed in forma pauperis must be filed promptly. See Fed.R.App.P. 24(b). A compliant request for in forma pauperis consists of a motion and fully completed Form 4. Form 4 is enclosed to the petitioner.

**Failure to pay the docket fee or apply for in forma pauperis status by March 23, 2006 may result in the dismissal of this case for want of diligent prosecution. See Local Rule 3(b).**

By the Court:

Richard Donovan, Clerk

JULIE GREGG

By:______________________
Operations Manager

[cc: Messrs. Bustillo, Cashman, Sullivan, Ms. Livers, Ms. Nadel]

## Sec. 328 Naturalization through Service in the Armed Forces of the United States [8 U.S.C. 1439]

(a)

A person who has served honorably at any time in the Armed Forces of the United States for a period or periods aggregating three years, and who, if separated from such service, was never separated except under honorable conditions, may be naturalized without having resided, continuously immediately preceding the date of filing such person's application, in the United States for at least five years, and in the State or district of the Service in the United States in which the application for naturalization is filed for at least three months, and without having been physically present in the United States for any specified period, if such application is filed while the applicant is still in the service or within six months after the termination of such service.

(b)

A person filing a application under subsection (a) of this section shall comply in all other respects with the requirements of this title, except that—

(1)

No residence within a State or district of the Service in the United States shall be required;

(2)

Notwithstanding section 318 insofar as it relates to deportability, such applicant may be naturalized immediately if the applicant be then actually in the Armed Forces of the United States, and if prior to the filing of the application, the applicant shall have appeared before and been examined by a representative of the Service;

(3)

Copyright © 2003 American Immigration Lawyers Association

The applicant shall furnish to the Attorney General, prior to any final hearing upon his application, a certified statement from the proper executive department for each period of his service upon which he relies for the benefits of this section, clearly showing that such service was honorable and that no discharges from service, including periods of service not relied upon by him for the benefits of this section, were other than honorable. The certificate or certificates herein provided for shall be conclusive evidence of such service and discharge.

(c)

In the case such applicant's service was not continuous, the applicant's residence in the United States and State or district of the Service in the United States, good moral character, attachment to the principles of the Constitution of the United States, and favorable disposition toward the good order and happiness of the United States, during any period within five years immediately preceding the date of filing such application between the periods of applicant's service in the Armed Forces, shall be alleged in the application filed under the provisions of subsection (a) of this section, and proved at any hearing thereon. Such allegation and proof shall also be made as to any period between the termination of applicant's service and the filing of the application for naturalization.

(d)

The applicant shall comply with the requirements of section 316(a) of this title, if the termination of such service has been more than six months preceding the date of filing the application for naturalization, except that such service within five years immediately preceding the date of filing such application shall be considered as residence and physical presence within the United States.

(e)

Any such period or periods of service under honorable conditions, and good moral character, attachment to the principles of the Constitution of the United States, and favorable disposition toward the good order and happiness of the United States, during such

Copyright © 2003 American Immigration Lawyers Association

service, shall be proved by duly authenticated copies of the records of the executive departments having custody of the records of such service, and such authenticated copies of records shall be accepted in lieu of compliance with the provisions of section 316(a).

Copyright © 2003 American Immigration Lawyers Association

the child is residing in the United States pursuant to lawful admission for permanent residence at the time of naturalization or thereafter begins to reside in the United States while under the age of 18 years. This provision applies to an adopted child only if the child is residing in the United States at the time of naturalization of the adoptive parent and in the custody of the adoptive parents pursuant to lawful admission for permanent residence.

Former INA §321, 8 U.S.C. §1432, provides that a child born outside the United States of alien parents becomes a U.S. citizen upon naturalization of both parents, or naturalization of the surviving parent if one of the parents is deceased or naturalization of the parent having legal custody when there has been a legal separation (or divorce) of the parents or the naturalization of the mother if the child was born out of wedlock and paternity has not been established by legitimization. The naturalization must take place while the child is under 18 years of age and the child must be residing in the United States pursuant to lawful admission for permanent residence at time of naturalization or thereafter begins to reside permanently in the United States while under the age of 18. Likewise, this section applies to an adopted child only if the child is residing in the United States at the time of naturalization of the adoptive parent(s), in the custody of the adoptive parent(s), pursuant to lawful admission for permanent residence.

Both former INA §§320 and 321, although repealed by the enactment of The Child Citizenship Act of 2000, can be utilized to claim U.S. citizenship, provided the conditions specified were met while the person (child) was under 18 and such conditions were met prior to February 27, 2001.

## D. Members of the United States Armed Forces and Seamen

*1. General*—Honorable service in the Armed Forces of the United States is rewarded by allowing increased benefits and access to naturalization.

*2. Application Filed While in Armed Forces or Within Six Months of Discharge*—An applicant with an aggregate of three years honorable service at any time in the United States Armed Forces is eligible for naturalization.[80]

a. Must be lawfully admitted to the United States for permanent residence before the application is filed.

b. Must never have been discharged from military service under less than honorable conditions. Honorable military service and discharge to be proved by authenticated copies of service records (Form N-426).

c. No residence in the United States and no physical presence are required.

d. May file in any office of the INS.

e. Case should be expedited.

f. No particular period of time for good moral character required.

*3. Application Not Filed While in Armed Forces or Within Six Months of Discharge*—Applicant may still apply after six months from his or her date of discharge.[81]

The applicant must comply with the residence requirements of INA §316(a), except that military service within five years immediately preceding the date of filing such application shall be considered as residence and physical presence within the United States.

*4. Active Duty Service*—Service during war or in other periods of military hostilities defined in the Act allow for special naturalization procedures.[82]

a. Date of active duty service: World War I, April 6, 1917 through November 11, 1918; World War II, September 1, 1939, through December 31, 1946; Korean hostilities, June 25, 1950 through July 1, 1955; Vietnam hostilities February 28, 1961 through October 15, 1978; Grenada hostilities, October 25, 1983 through November 2, 1983; Persian Gulf hostilities, August 2, 1990 through August 11, 1991.

*Note*: The executive order designating the Grenada period had geographic limitations placed on it. This was an unlawful restriction, and the Ninth Circuit invalidated the entire Executive Order when it was challenged. The INS removed regulations designed to implement the Grenada period when this was pointed out. Later, the entire Executive Order

[80] INA §328, 8 USC §1439.

[81] INA §328(d), 8 USC §1439(d).

[82] INA §329, 8 USC §1440.