UNITED STATES DISTRICT COURT
OF Rhode Island

Rodney A Bustillo
v. C.A. No. 06-63S
(INS) (DHS) & Roberto Gonzales

SUPPORT MOTION FOR BOND

New motion In support of Release on Bond Bustillo Has Put Into This Honorable court many Different motions Hopeing For some kind of success and Now Has come A-cross one or more cases That may Help God willing.

A1). Bustillo Had A Hearing For Bond As The court IS A-were of and was Granted (PR) and (DHS) Appealed The (IJ) Decision The Error That was made by The DHS and BIA was The Fact That Each one said That The (IJ) Did not Have The Authority To Grant (PR), This by Law IS Arguable because Bustillo was on (PR) over 10 years with The same crime.

A2). In The Fileing of [28 USCS § 2241] In The united States District Court of Rhode Island Bustillo IS challenging The Constitutionality of 1226 (c) ITself. To Pet. For Cert. 2A. Bustillo Argues That His detention under § 1226 (c) violates His Due process because The INS Now DHS Had made no Determination That Bustillo Posed A danger To Society or A Flight Risk.

A3) [illegible]

Granted Petitioner's Petition subject To The INS' Prompt undertaking of an Individualized bond Hearing To Determine whether Respondent Posed either A Flight Risk or a Danger To The Community Id, at 50A. Following That decision, The District Director of The INS Released Petitioner on $5,000 Bond. A4). Looking Deeper Into Some cases There Has Also Been Some Courts of Appeals who Aslo agree Ninth Circuit. Kim v. Ziglar, 276 F.3d 523 (2002). That Court Held That § 1226 (c) violates substantive due Process As applied To Petitioner because He is A Permanent Resident Alien Just Like In Bustillo's case. It noted That Permanent Resident Aleins Constitute The most Favored category of Aliens and That They Have The Right To Reside Permanently In The United States, To work Here, and To Apply For Citizenship As Bustillo Has Done Dated 1986. The Court Recognized and Rejected The Government's Two principal Justifications For mandatory detention under § 1226(c): (1) Ensuring The Presence of criminal Aliens at Their Removal Proceedings; and (2) Protecting The Public From Dangerous {155 L.Ed.2d 733} criminal Aliens. In Bustillo's case None of This was ever Proven by The DHS For That The (IJ) Granted Bustillo (PR) All over gain Bustillo never miss A Court Date In The whole Ten years. A5). Bustillo Ask This Court To please Take Into Consideration The Relying on Recent Decision In Zadvydas v. Davis, 533 U.S. 678, 150 L.Ed.2d

liberty Interest." 276 F.3d 523 at 535 (2002). [538 U.S. 516]; other courts of Appeals Have Reached The Same Conclusion. See Patel v. Zemski, 275 F.3d 299 (CA3 2001); Welch v. Ashcroft, 293 F.3d 213 (CA4 2002); Hoang v. Comfort, 282 F.3d 1247 (CA10 2002).

The Suspension Clause of The Constitution provides As Follows: "The Privilege of The Writ to Habeas Corpus shall not be suspended, unless when In cases of Rebellion or Invasion The Public Safety may Require It."

Conclusion

Bustillo Like His other motions Just Ask For Fair Justice which I know That This Court will provide and to please Take Into Consideration The Fact Bustillo Has been In This Country All His Life and The Fact He Has A wife and Five children whom need Him and Last But not Lease The Fact That The (IJ) Granted Bustillo (PR) From The start and Do To His lawyer Error Bustillo sit's over 2 year In Detention Justice Is Due way over Due.

I Rudney A Bustillo ask That This court please make copys of all with-In This motion and [illegible]