April 13

Rodney A Bustillo sr
Wyatt Detention
950 High Street
Central Falls RI 02863

New File # Co 06

Honorable Judge Smith
United State District Rhode Island
Federal Court one Exchange Terrace
Federal Building and Court House
Prov RI 02903

This memorandum is in support of
Motion to Review Citizenship & Bond

To this Honorable Court I ask to please accept this Report of Facts that were cited 316 General Requirements For Naturalization [Part Added 56 FR 50475, Oct. 7, 1991] & 316.2 Eligibility.

(A)-- General. Except as otherwise provided in this chapter, to be Eligible for Naturalization, an Alien must Establish that He or she:

(1)-- Is at least 18 years of age;

(2)-- Has been lawfully admitted as a permanent Resident of the United States;

(3)-- Has Resided continuously within the United States, as defined under § 316.5, for a period of at least Five years after Having been lawfully admitted for permanent Residence;

(4)-- Has been physically present in the United States

my CITIZENSHIP claim and Asking To be Release From DETENTION because without any Doubt IT Violates Due Process under § 1226(c) because (INS) Had made no determination That Bustillo Posed either a danger To Society or A Flight Risk.

The DISTRICT COURT agreed with Respondent That § 1226 (c)'s requirement of mandatory detention For Certain Criminal Aliens was unconstitutional. See Kim v Schiltgen Bustillo Like Kim Had went In Front of (IJ) For Bond Hearing and was Granted (PR) and should Have been Let out From Detention but For Some Reason His Attorney Never Followed up on That Subject. The (BIA) Did not Say That Bustillo was Flight Risk or Danger but Stated Bustillo could not get (PR) only Bond So I Ask why was I still Held In mandatory Detention. Like Kim Bustillo should Have been Release on Bond.

The Court of Appeals For The Ninth Circuit Held That § 1226 (c) violate substantive due process As Applied To Respondent because He is A Permanent Resident Alien Kim v Ziglar, 276 F.3d 523(2002).

Bustillo Has Been A Permanent Resident over 36 years and Has All His Family In This Country Rhode Island Grand mother To Five Children and Grandchild. IT Note That Permanent Resident Aliens Constitute The most Favored Category of Aliens and That They Have The

Three month Period Falls within The required period OF Residence under SECTION 316(A) or 319(A) OF The ACT, Has Resided, AS defined under § 316.5, For AT least Three months In A STATE or Service district Having Jurisdiction over The Applicant's ACTUAL place OF Residence, and In which The Alien Seeks To File The Application;

(6) -- Has Resided continuously within The united STATES From The Date of Application For Naturalization up To The Time OF Admission To Citizenship;

(7) For all Relevant Time Periods under This paragraph, Has been and Continues To be person oF good Moral Character, ATTAched To The principles of The Constitution OF The united STATES, and Favorably disposed Toward The good order and Happiness OF The united STATES; and

(8) -- Is not A person described In SECTION 314 OF The ACT Relating To deserters OF The united STATES Armed Forces or Those persons who departed From The united STATES To evade military Service In The united STATES Armed Forces.

(b) -- Burden oF Proof. The Applicant shall bear The burden OF establishing by A Preponderance oF The Evidence That He or She meets all OF The Requirements For Naturalization, Including That The Applicant was lawfully admitted as a permanent Resident To The United STATES

I. Bond Argument

(1) Ensuring The Presence of criminal Aliens at Their Removal proceedings; and (2) Protecting The Public From Dangerous {155 L. Ed. 2d 733} criminal Aliens. The Court of Appeal discounted The First Justification because IT Found That not All Aliens Detained Pursuant To § 1226(c) would Ultimately be Deported, and IT Discounted The Second Justification on The grounds That The aggravated Felony Classification Triggering respondent's Detention Included crimes That The Court did not consider "Egregious" or otherwise sufficiently dangerous To The public To Necessitate mandatory detention.

Relying upon recent decision In Zadvydas v. Davis, 533 U.S. 678, 150 L.Ed. 2d 653, 121 S.Ct. 2491 (2001), The Court of Appeals concluded That The INS Had not Provided A Justification "For no-bail civil detention sufficient To overcome A lawful Permanent Resident Alien's liberty Interest." 276 F.3d 523 AT 535 (2002). {538 U.S. 516} Three other Courts of Appeals Have Reached The Same Conclusion, See Patel v. Zemski, 275 F.3d 299 (CA3 2001); Welch v. Ashcroft, 293 F.3d 213 (CA4 2002); Hoang v. Comfort, 282 F.3d 1247 (CA10 2002).

The Due Process Clause of The Fifth Amendment of The united states Constitution Provides "no person shall be... Deprived of life, liberty, or Property, without Due Process of law." The

481 U.S. AT 749. Moreover, substantive due process "prevents the Government from Engaging In conduct that 'Shocks the conscience,' or interferes with Right's Implicit In the concept of ordered liberty. Salerno, 481 U.S. a 746 quoting Rochin v. California, 342 U.S. 165, 172, 96 L. Ed. 183, 72 S. Ct. 205 (1952).

CONCLUSION

Bustillo Ask that the court please Grant Release on Bond or what ever Deems IT'S been over 2 years. Do To the Fault of Attorney. Bustillo Has small children and Wife, and Hopefully still a Business. 8 U.S.C § 1226(c) INA § 236(c) unconstitutional without Any Doubt when A Person Has been In this country over 36 years From the age of (5) were will I go.

Respectfully Submitted
Rodney Bustillo
Wyatt Detention
950 High Street
Central Fall RI 02863

I Rodney A Bustillo certifiy That A copy of This Motion Has been Sent To The Court of District of Rhode Island and Ask That A copy be Sent To The