UNITED STATES DISTRICT COURT DISTRICT OF
RHODE ISLAND

Rodney A Bustillo, Sr
Prose

V. C.A. NO. 06-63s

Immigration and Naturalization
Service, ET AL.

Supplemental Brief to Support Citizenship Claim & Bond

Here comes Bustillo with more information that will help, him with this Honorable Court hoping for Justice do. These facts should have been brought to the (IJ)'s attention, By Bustillo's lawyer from the start of the deportation proceedings dated May 14, 1995, but was Ignored by the attorney; So again with respect to this Court Bustillo ask for the Honorable Court to Grant Bustillo denovo hearing in District Court of Rhode Island base on facts.

Bustillo ask this Court to please take into Consideration also the facts that when he applied for U.S.Citizenship the laws were diffrent and much easyer and should still be Considered under the Laws back then 1985 because of the fact this was not do to Bustillo's action why he was absent for the (INA)'s a pointment, Notice never sent to Bustillo, for the date as stated before Bustillo's address has been the same over 30 years.

**I ARGUMENT**

Bustillo has cited this with hope: **Section 106 (a)(5) provides that, whenever a petitioner "Claims to be a National of the United States and makes a showing that his claim is not Frivolous; The Court of appeals is to transfar the proceedings to the district Court for a hearing on that claim if "a genuine issue of Material facts as to Bustillo is presented.**

In order to obtain a denovo hearing Petitioner was required (98 S.CT. 2085) to present "Substantial evidence in support of Citizenship claim Certiorari Granted 434 U.S. 901 (56 L.ed.2d 683)

(1977). Congress carved out one class of cases, however, where denovo review in district Court would be available: Cases in which the person subject to deportation claim to be a united States Citizen. In 1961 Congress Enated & 106 of the Immigration and Nationality ACT, 8 U.S.C. & 1105a (1976 ed.), In order "to Create a single, Separate, Statutory form of Judicial review of administrative orders for the deportation of aliens from the United States "H.R.Rep.No,1086,87th Cong., 1st Se SS., 22(1961). This Statutory provision eliminated district Court (436 U.S.753) review of Deportation orders under & 10 of the administrative procedure ACT,5 U.S.C & 702 (1976ed.), and cases. However where denovo review in District Court would be available: cases in which the person subject to deportation claims to be a United States Citizen. See Agosto V. Immigration and Naturalization In carving out this class of cases, Congress was aware of our past decisions holding that the Constitution requires that ther be some provision for denovo Judicial determination of claims to American Citizenship in deportation proceedings. See H.R.Rep.NO 1086, Spra, at 29, H.R. Rep. NO 565,87th Cong., 1st Sess, 15 (1961). In Ng Fung Ho v. White, 259 U.S.276,284 (1922), the Court Obsered:

## II ARGUMENT

"Jurisdiction in the Executive to order deportation exists only if the person arrested is an alien...To deport on who...Claims to be a Citizen Obviously deprives him of liberty...(and may result also in loss of both property and life; or all that makes life woth living; We therefore hold that a resident of this Country like Bustillo oiver 36 Years has a right to denovo Judicial Determination of a claim to United States Citizenship which is Supported

"by evidence sufficient, if believed, to entitle (him) to a finding of Citizenship; Id., at 282. See also United States ex Rel. Bilokumsky v. Tod, 263 U.S. 149, 152-153 (1923). In Kessler V. Strecker, 307 U.S.22,34-35 (1939). We reaffirmed that holding and indcated in dictum that Judicial Jetermination of Citizenship claims is required where Substantial evidence" Is presented to Support the Citizenship Claim. in Kessler V. Strecker, 307 U.S.22,34-35 (1939), the Court again observed, Citing Bilokumsky, that an alien is entitled to triel denovo on a claim of Citizenship if supported by Substantial evidence, It is clear, therefore, that the Constitutional requirement of a denovo Judicial hearing is triggered only if the person Claiming Citizenship provides some substantial evidentiary support for his claim. Bustillo has a wife Citizen of the United States five Children all who are United States Citizens, his Grandmother, his Mother, Stepfather, Father, Sister, Brothers, and others all U.S.Citizen Resident aliens like Citizens pay taxes, Support the Economy, Serve in the Armed Forces, and Contribute to myriad other ways to our Society. In ReGriffiths, 413 U.S. 717,722 (1973).

## III ARGUMENT

Bustillo Served in the United States Army during the Granada war in Panama although it was a small conflict Bustillo still sereved and was dischared under Honorable Condition 1982-1985 and from that applied for Citizenship and should be entitle to Citizenship for example in the cases of: Nationals who served with the United States Arrmen forces during World War II, Claim they are entitled to appply for and receive Ameican Citizenship under a special Immigration Statute that expired over 40 years ago && 701

to 705 of the Nationality act of 1940, ch.876,54 Stat. 1137, as amended by the Nationality Second War powers Act 1942, & 1001, ch, 199,56 Stat. 182, 8 U.S.C.&& 1001 to 1005 (1940 ed., Supp. v)(1940 ACT). In the decisions below the Ninth Circuit has, for the Third tome, Ordered Naturalization under that Expored Provision. See. Mendoza V. United States, 672 F.ed 1320 (CA1 1982). Revd, 464 U.S. 154,78L.Ed. 2d 379,104S. CT.568 (1984); INS V. Hibi, 475 F. 2d7(CA9), 414 U.S.5 (1973). In Part because the Decision Olegario V. United States, 629 F.2d 204 (CA2 1980),450 U.S. 980, 67 L.Ed. 2d814, 101 S.Ct. 1513 (1981), we Granted Certiorari.

IV Argument

The INA has set so many diffrent rules for a person to claim there there Citizenship but through all these rules Bustillo meets many and satisfies many of there rules now and at the time of his application and at the time of his mother filing for Citizenship under one law: There are two sources of Citizenship, and only two birth and Naturalization; Bustillo was under the age of 18 when his mother & Grandmother both filed and became Citizen of the United States, and the fact that Bustillo's stepfather married Bustillo's Mother in the early 70's and took Bustillo as his own by support and up bringing Elbert Turner U.S.Citizen.

There is a very Importent law that would help Bustillo very much for the fact if by chance there is trouble about the time of his age and when his mother Citizenship was approved we offer this Law without dispute Bustillo falls under this Law: The Reference to age 18 was Inaccurate; Petitioner was born prior to 1986, when & 309(a) was amended to change the relevant age from 21 to 18, See Pub.L.99-653, & 13, 100 Stat. 3657, and Bustillo falls within a

Narrow age bracket whose member may elect to have the Pre-Amendment Law apply, See Note following 8 U.S.C. & 1409 (Effective date 1986 Amendment)(quoting & 23(e) as added, Pub L, 100-525, & 8(r), 102 Stat. 2619).

V Bond ARGUMENT

Bustillo with respect to the Court has ask to be release on Bond while case pending and cie these cases hoping they may help with decision: The District Court has held that & 1226(c)'s Requir ment of mandatory detention for Certain Criminal aliens was Uncon- stitutional. See Kim v Schiltgen, No.C99-2275i (538 U.S.515) (Aug 11,1999), App. to Pet, For Cert. 31 a 51 A. The Court of appeals concluded that the INS had not provided a Justification "for no bail civil Detention sufficint to overcame a lawful Permanent Resident aliens liberty interest. "276 F.3d 523 at 535(2002).

Similer reasons, since Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as Bustillo could be entitled to an individualized determination as to his risk of flight and dangerowsness if the continued detention became unreasonable or unjustified, Zadvydas, 533 US,at 684-686, 150 Led 653,121 S ct 2491, (Aliens are Entitled to be free from Detention that is arbitrary or Capricious). Fong Yueting V United State, 149 U.S. 698,724,37 L.Ed. 905, 13S.Ct. 1016 (1893). The Japanese Immigrant case, (1903) settled any lingering doubt that the Fifth Amendment's Due Process Clause gives aliens a right to challenge mistreatment of their person or property. The fact that Bustillo has 37 years in this Country small children and wife all U.S.Citizen and Economic, Famiial and Social ties he should be granted (Bond) while case pending so he may provide for his family

and the fact that Bustillo provides valuable professional skills and other assets promising benefits to the United States && 1153 (b)(1)(5),"Many resident aliens have lived in this Country longer and Established Stronger faily, Social, and Econumic ties here than some who have become Naturalized Citizens; Woodby v INS 385 U.S. 276,286,17 L.Ed.2d 362, 87S. Ct. 483 (1966).

CONCLUDING

With respect to the Honoable Judge I ask if he may "Cite" all cases that may he;p Bustillo and ask to take in to consideration the Legnth of Bustillo's years in the United States Army the age of five now 42 years old all his ties are in this Country and Citizenship application being from 1985 he should be intitle to Bond, while case being reviewed. Respectfully Sumbmitted.

Rodney A Bustillo
Wyatt Detention
950 High Street
Central Falls RI 02863

CERTIFICATE OF SERVICE

I HEreby ask this Court to please send a capy of all the true and correct of the foregoing Motion to Supplemental brief to support Citizenship claim and bond to Respondents Robin E. Feder Assistant United State Attorney, Fleet Center, 8th Floor 50 Kennedy Plaza Providence, RI 02903.

Date April 22,2006