U.S. DEPARTMENT OF JUSTICE

EXECUTIVE OFFEICE FOR IMMIGRATION

BOARD OF IMMIGRATION APPEALS

RODNEY A BUSTILLO SR

PETITIONER

V

ALBERTO GONZALES

RESPONDENT

APRIL 23, 2006

MOTION TO REOPEN

Here comes Petitioner (Bustillo) hereby prose begging this this Honorable Court to reopen his case base on claim to Ineffective Assistance of Counsel: 8 C.F.R & 1003.2(c)(1). **Which satisfy this requirement and ask for stay of Deportation & Bond while case pending:**

**1.Background**

Bustillo is a Citizen of Honduras, who came to the United State June 13,1970 with his sister and Brother from the age of five as a permanent resident alien. Entered school first grade up to 12 grade. 1982-1985 U.S.ARMY, 1985 Applied for Citizenship and still awaiting that claim, Bustillo family from GrandMother to Bustillo's New Born GrandChild which all live and work in Providence, RI with also Bustillo's wife and five children all United States Citizen.

The (INS) charges Bustillo with deportation because of a plea of (Nolo Con) dated Jan 1995 and Bustillo served 3 Months on May 14,1995 (INS) released Bustillo on his own (PR) and remained so, up to his Detantion March 30,2004 (IJ) granted Bustillo release on is own (PR) Dated April 9,2004 the (DHS) appeal stating that Bustillo could only get Bond not (PR) why did the attorney not file for the bond Bustillo still does not know the (IJ) granted Bustillo 212 (c) 5/27/04 (DHS) appeal again and each time Attorney who was handling the case never file a Brief in support of Bustillo for the Bond nor the 212(C).

At the time Bustillo's Attorney was (Kerry Doyle) Copy of a Letter within (EXHIBIT 1A) **Please take note of date August16**

,2004

Miss Doyle wrote and told Bustillo about the Governments Appeal to the bond saying she never received the notice from the Board of Immigration Appeals. Here we are more than 3 Months late and she told Bustillo to file a Brief something I new nothing about and believed it was already done by her.

I ask the Court to please note that nothing was said about the (DHS) appeal of 212(c) which was also pending at the same time again Bustillo thinking Miss Doyle was handling this, I did not know about the (ACLU) until the end of July 2004 they were not working on my case they were reviewing the case to see if they could help. Then came this Lawyer Mister Babcock whom told my family not to worry, he could handle this case, this Lawyer gave me and my family the biggist run around, the biggest lies, never filed any paper work or brief on my behalf with the (BIA) by the time the filing went to the First Cir Court it was the wrong filing and late (EXhibit 2A) letter from lawyer date 11/18/04 (EX 3A) Honorable Court why wait until it's the dead line for my filing and say you cann't handle the case should have stated that from the start that he was not Qualified he knew he was not a (INS) Attorney but just like a lot of lawyer out there it's easy money for them taking advantage.

This Lawyer whom up to this day I've never (met) still turn around and took my familys money filed papers in the wrong Courts and because of his Neglect and Lack of Knowledge of the (INS) Laws, my Due Process rights were Violated Under the Law Ineffective Assistance Violation of Fifth Amendment Right to do Process.

Within are letters and wrong filings by the Lawyer and after I found out, he was a Real Estate Lawyer it really got Bad, please take note of all the letters and dates with no reply from myself. Exhibit 3,4,5,6,7,8,9,10,11,12,13,14,15 Note to the Court If the Honorable Court would look at the Bond & 212(c) Appeals there is no way Bustillo could of Defended himsef while detain without access to good Laws and even with assistence it would

have taken more then 30 days to file each brief because of research of proper Laws. The fact that Bustillo was not Legally Vest and relied on his Attorney **Bustillo claims Ineffective Assistence.**

## I ARGUMENT

**The Opinion by Lipez, Circuit Judge case of Jelena Vladimir Orehhova; Valdek Orehhiou; Anne Orehhova; and Aleksandr Serdjuk, v.Alberto Gonzales, 417 F.3d 49** It states that Petitioner had"met the technical requirement "for raising a claim of Ineffective Assistance of Counsel before the BIA as set forth in **In re Lozada, 191. & N. Dec. 637, 639 (BIA 1988). Such a Claim must be supported by 1)** An affidavit setting forth "in detail the agreement that was entered into with former Counsel with respect to the **(417 F.3d 52)** Actions to be taken, as well as any representations made by Counsel to the alien; 2) Proof that the movant has informed former Counsel of the allegations in writing, as well as any response received and 3) a statement detailing "whether a Complaint has been filed with appropriate disclinary Authorities regarding such represention and if not why not;

Bustillo did file and did write to the Lawyer and ask why he took money and why started a job knowing he was not capable of doing letter within (Exhibit 4)(Exhibit 5) after my filing to the Board the lawyer started sending me letters and making myself and my family afraid of what he might do while I was still in (INS) Detain with my case. If this Court would review past motions from Mr Babcock, will see the mistakes made, mainly the Untimely filings, and if the Court will check into the records for Lawyers will see that this Lawyer is not a (INS) lawyer at all.

## II Arguments

In the past Bustillo made complaints to the (BIA) about past Counsel and also to the First Cir Court and was over look maybe because of not knowing how to file the complaint so may not be BIA's fault but because this was raised in motion should have been looked at.

Any error of Law "Comprises an abuse of discretion; Id, Motion to reopen are permitted only wher they present "Evidence" that is "Material and was not available and could not have been discoved or presented at the former hearing. "8 C.F.R. & 1003.2 (c)(1). **Claims of Ineffective Asstance of Counsel Satisfy this Requirement. See Saakian 252F.3d at 25.**

**While the Sixth Amendment Right to Counsel dues not apply in deportation proceedings, which are civil rather than criminal, Appellate Courts have "Recognized that there is a due Process Violation If the Proceeding was so Fundamentally unfair that the alien was prevented from reasonably presenting his case. Bernal-Vallejo v. Ins, 195 F.3d 56,63, (1st Cir 1999);**

In Bustillo case there has been a number of untimely filing to the (BIA) and first Cir as stated Bustillo has sought Judicial review of all orders again untimely please **See (Exhibit 1A)** from lawyer stating that she never received notice from (BIA) and note the Date Lawyer Informend Bustillo after Brief date deadline August 6, 2004 letter date August 16, 2004.

The BIA denied Petitioners motion as untimely the Petitioner Bustillo sought Judical review of that order and others but untimely also do to other Attorneys mistakes considering that Petition, never new and relyed on Counsel should not be Punish.

**The BIA in Decision Rankou V. INS, 248 F.3d 1127, 2000 Wl1875857, at *1 (1st Cir 2000) considering that Petition, we identified the critical issue as "whether Counsel of record for the Petitioners was ever mailed the (Decision).** They added that **"If the decision was sent out in due course, then the Petitioners missed the Ninety-day deadline to move to reopen; and, thuis, denial of the Motion to reopen was appropriate.** Concluding that the BIA had not focused sufficiently on the Issue of mailing, we vacated the order appealed from and Remanded for "futher Consideration and Explanation of whether the...order was in fact properly mailed; 284 F.3d 1127, (WL) at *2.

III Argument Constitutional Claims

**Bustillo like Bernal-Vallejo v. INS 195 F.3d 56; 1999 (1st Cir Court) argues that his due Process Rights were violated**

Because his former Counsel was so Ineffective that Bernal and Bustillo's case Briefs never filed. This Court (1st Cir) has held Sixth Amendment Right to Counsel is involved in Deportation Proceedings because they are Civil and not Criminal; Nontheless, this Court has Recognized that there is a Due process Violation if the Proceeding was so fundamentally unfair that the alian was prevented from reasonably presenting his case See Lozada v. INS 857 F.2d 10,13 (1st 1988). Other Circuits have agreed See, e.g., Mustata v. U.S. Dept of Justice, 179 F.3d 1017, 1019-20 (6th Cir 1999)(discussing Jurisdiction to review alien's Due Process Claim based on Ineffective Assistance); Castaneda-Suarez V. INS, 993 F.2d 142,144 (7th Cir. 1993)(Recognizing allien's Fifth Amendment Right to due Process in Deportation Proceedings and stating that Ineffective Cousel can result in denial of this right); Esposito V. INS, 987 F.2d 108, 111-12(2d Cir. 1993)(discussing elements alien must establish in asserting Ineffective Assistance Claim);

If the Court may look at Bustillo's case there was no way, By Bustillo being detain and not knowing about (INS) Laws, inrder to file Briefs on time mainly for the fact being detain there was not any access to good and up to date (INS) laws. Also if the Court may look at the dates of the (Bond) Appeal and the 212 (c) Appeal by the (DHS) each were done within days of each other there was no way Bustillo would be able to file the Briefs on time and Correct with out some kind of Assistance from a Professional, even with that kind of help Brief would not have been upto the level of (Effective). Dates of (Appeal April 2004 Bond);(Appeal May 2004 212(c) ); Rogue-Carranza v INS, 778 F.2d 1373, 1374 (9th Cir. 1985)(DisCussing Exhaustion Requirement where alien Asserts due process claim based upon Ineffective Assistance) leaving aside the question of whether prejudice can be presumed in certain fact setings, CF. United States V loaisiga, 104 F.ed 484,487-88 (1st Cir 1997) (Noting Possibility that a denial of Counsel in the Immigration Context, In some Circumstances, Might be to flagrant as to allow for presumption of prejudice), Bustillo has file motion asking the Court to give him time to get right Counsel to assist with his case and for stay & Bond while case pending each

time denied, even with the fact that he was eligable for Bond date April 2004 without any Doubt, If Correct filing would of Accord and Briefs filed Bustillo would have had a chance.

## CONCLUSION

There has been many Delays, many mistakes, many untimely filings and wrong filings on the behalf of Bustillo from Counsel and due to lack of past access to Laws of (INS), Bustillo begges this Honorable Court to please accept this filing of Ineffective Counsel/Assistance on behalf of Bustillo and also ask that the Court allow him time to do more ReSearch and be able to send in a supplemental Brief in support.

Bustillo also ask this Court for the Consideration of some kind of Bond or Supervised release while this is pending for the fact of limited access to the laws. Have been detain well over 2 years, I am not a Terrorist or Flight Risk My wife and children need me, were will I run to, I am fighting for my life to stay in this Country why would I run or mess up my chance to win this case.

Respectfully Submitted
Wyattt Detention
950 High Street
Central Falls 02863

## CERTIFICATE OF SERVICE

I Rodney A Bustillo ask and beg this Honorable Court to make and mail copys of Brief and all Documents within to Miss Margot L. Nadel U.S. Department of Justice P.O. Box 878, Ben Franklin Station Washington, D.C. 20044 at the same time would ask that a copy be sent back to Bustillo at the Wyatt Detention just so there are no mix-up and because of lack of access to copy and time limit.

Thank You

Date 4/27/06

U.S. Department of Justice
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: A19 325 551 - Boston

Date: SEP - 2 2004

In re: RODNEY ALFRED BUSTILLO

IN BOND PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Pro se

ON BEHALF OF DHS: John M. Furlong, Jr.
Assistant Chief Counsel

APPLICATION: Change in custody status

ORDER:

PER CURIAM. The Department of Homeland Security (DHS) has appealed the Immigration Judge's April 9, 2004, bond order finding the respondent not subject to mandatory detention under section 236(c)(1) of the Immigration and Nationality Act and granting the respondent's release on his own recognizance.[1] The DHS's appeal is sustained.

The respondent is subject to mandatory detention provisions contained in section 236(c)(1) if he was convicted of an "aggravated felony" and was released from criminal custody, after the expiration of the Transition Period Custody Rules (TPCR) on October 8, 1998. *See Matter of West*, 22 I&N Dec. 1405 (BIA 2000). The record indicates that the respondent was convicted on February 15, 1995, in the Providence Superior Court, Providence, Rhode Island, for the offense of Manufacture/Delivery of Cocaine in violation of section 21-28-4.01(A)(2)(a) of the General Laws of Rhode Island. The respondent was subsequently convicted on April 20, 1999, in the Sixth District

To charge less than one year and didn't serve any time in jail

[1] Even if the respondent were not subject to the mandatory detention provisions of section 236(c), we find that the Immigration Judge is without authority to order a respondent's release on his own recognizance. The statute clearly provides that the Attorney General may not release an alien on bond less than $1500. See section 236(a)(2)(A) of the Immigration and Nationality Act ("bond of at least $1500"). We are aware that 8 C.F.R. 1236.1(d), dealing with appeals to Immigration Judges from the setting of custody conditions by the Department of Homeland Security, contains language that authorizes an Immigration Judge "to detain the alien in custody, release the alien, and determine the amount of bond, *if any*, under which the alien may be released" (emphasis added). Since the statutory command is so clear, we construe the "if any" language as not referring to the statutory floor for release decisions but rather to the ceiling at which bond may be set. Thus, we conclude that even assuming arguendo that the respondent was eligible for release on bond that the Immigration Judge was without authority to order the respondent released upon his own recognizance.

FAX NO.

A19 325 551

Court of Providence, Rhode Island, of simple assault (domestic) in violation of sections 11-5-3 and 12-29-5 of the General Laws of Rhode Island.[2]

The respondent's conviction for Manufacture/Delivery of Cocaine is an "aggravated felony" as that term is defined in section 101(a)(43)(B) of the Act. The respondent's conviction in 1999 for simple assault resulted in the respondent's release from criminal custody after the expiration of the TPCR. Therefore the respondent is subject to mandatory detention under the provisions of 236(c)(1)(B). Accordingly, the decision of the Immigration Judge is ordered vacated.

Has to be sentence one year or more and this 1999 case was not by Judge and (DHS)

FOR THE BOARD

[2] The record indicates that the respondent was convicted of the same offense on February 23, 1996.