GRAVES & DOYLE
ATTORNEYS AT LAW
77 FRANKLIN STREET, 3RD FLOOR
BOSTON, MA 02110

WILLIAM E. GRAVES JR.
KERRY E. DOYLE

TEL: (617) 542-6400
FAX: (617) 542-6411

Via First Class Mail

August 16, 2004

Rodney Bustillo
Wyatt Detention Center
950 High Street
Central Falls, RI 02863

Dear Rodney:

I am writing you this letter to let you know that I cannot continue to be involved with your case any longer. As you know, I am not still directly representing you in any matter before the immigration service, but I had been willing to assist you in finding pro bono representation to challenge your on-going detention. I was also willing to provide free technical assistance to your pro bono representative. A recent development, however, has made it impossible for me to continue in either role.

It has come to my attention that the ACLU in Rhode Island is apparently not aware that you had retained pro bono counsel to assist you in filing your habeas corpus action. As you know, I had previously called them to let them know that we had secured counsel for you in order to communicate with them and to have everyone know what is going on. Especially when people are offering their services for free, it is very important to avoid confusion and extra work for everyone for all parties to know what is going on. You subsequently left me a message asking me not to contact the ACLU again because it was upsetting your mother. I followed your instructions, assuming that you would take care of this matter and let your mother and the ACLU in Rhode Island know that you had secured counsel. Apparently, this has not happened.

You cannot continue to have two attorneys working on the same thing at the same time. Please be aware that it is a huge privilege to find excellent pro bono counsel to take a complicated case and it is not possible to continue having two processes happening at the same time or to play them off each other.

In light of this development, our office can no longer be involved with your case. I have contacted Joe Berman and despite his incredible generosity and willingness to help you out on my request, I imagine that he will not be able to continue with your case without our technical assistance. I have also sent him a copy of this letter. You should also know that your mother's negativity regarding your previous counsel in Rhode Island has really damaged your ability to obtain new competent counsel in the area.

As you know, this office does not represent you currently in any matter before the immigration court or in any federal court, but we were willing to assist your pro bono counsel in your federal case, despite the amount of work already done for you and the large outstanding bill that you currently have with this office. I trust that you and your family will honor your financial obligation to this office as soon as possible.

In addition, I recently received a copy of a brief that was filed by the government in your bond appeal. I have included a copy herein in case you did not also receive a copy. You should know that I never received the notice from the Board of Immigration Appeals relating to the bond appeal dated July 16, 2004. As I was not representing you, nor did I even know of the need to respond, I did not respond in any way (the briefing deadline was August 6, 2004). I trust that you have responded and submitted a brief already on August 6, 2004 to the Board of Immigration Appeals on the matter of your bond. If not, you will need to do so and include a Motion to Accept a Late Filed Brief as soon as possible. You should sent a copy of these documents to whomever continues to represent you in the habeas corpus matter because it will impact the habeas corpus filing.

I am sorry that we cannot do anything more for you at this time. I wish you the best of luck.

Very truly yours,

Kerry E. Doyle
Attorney at Law

Enclosures
cc: Joseph Berman