January 12, 2005

RI Supreme Court Disciplinary Board
24 Weybosset Street
Providence, RI 02903
**ATT: DAVID CURTIN, ESQUIRE**

**RE: RODNEY BUSTILLO**

Dear Mr. Curtin,

I am in receipt of your letter to Rodney Bustillo at the Wyatt Detention Facility. Once again, trying to do too much for client ends up costing me another day of sanity. Even though your office has told him that you do not have jurisdiction over his complaint, I feel compelled to tell you a little bit about this matter.

Mr. Bustillo was in Louisiana being put on a plane to Honduras last January. His mother called me and asked if there was anything I could do. I took a shot and filed for a Stay via fax with the 1st Circuit Court of Appeals. This was first for me but I did what I felt could be done. I had him removed from the plane and returned to Rhode Island. I worked with Kevin McBurney early on with this case and we did great work for this man, including filing a full brief in the First Circuit with the intention of having his case reopened by the BIA in Virginia. We filed Motions to Stay Deportation, Motions to Reopen, Motion for Release on Bond, Letters to ICE asking for his release. I worked with Nicholas Trott Long, Esquire, who redlined and edited its content. I worked with Joe Yocolla, Esquire on his underlying criminal convictions. He claims that I am not an immigration lawyer. This is true in his case. I had never been in a case like this. I had never been to the 1st Circuit. His mother came to my office every day. She was given copies of everything that was ever filed. I never gave up on this case, even after he began to write me vicious letters. I took a block off my phone so he could call me collect. We corresponded often. I spoke to the Clerk of the 1st Circuit Court who told me point blank that I did all that could be done. There came a point where he wanted to do things that I did not agree with. I spent over 250 hours on this case and was paid a net of approximately $7,500.00. ($2,500.00 went to Kevin McBurney for the work he did on this case.) I kept him in the USA for one year to give his other attorney's a chance to have his 1995 drug conviction modified or overturned. That had nothing to do with me. Unfortunately, he did not get the relief he sought and is not going to be deported. He

NOT TRUE →