U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFEICE FOR IMMIGRATION
BOARD OF IMMIGRATION APPEALS
RODNEY A BUSTILLO SR
PETITIONER
V
ALBERTO GONZALES
RESPONDENT
APRIL 23, 2006

MOTION TO REOPEN

Here comes Petitioner (Bustillo) hereby prose begging this this Honorable Court to reopen his case base on claim to Ineffective Assistance of Counsel: 8 C.F.R & 1003.2(c)(1). **Which satisfy this requirement and ask for stay of Deportation & Bond while case pending:**

**1.Background**

Bustillo is a Citizen of Honduras, who came to the United State June 13,1970 with his sister and Brother from the age of five as a permanent resident alien. Entered school first grade up to 12 grade. 1982-1985 U.S.ARMY, 1985 Applied for Citizenship and still awaiting that claim, Bustillo family from GrandMother to Bustillo's New Born GrandChild which all live and work in Providence, RI with also Bustillo's wife and five children all United States Citizen.

The (INS) charges Bustillo with deportation because of a plea of (Nolo Con) dated Jan 1995 and Bustillo served 3 Months on May 14,1995 (INS) released Bustillo on his own (PR) and remained so, up to his Detantion March 30,2004 (IJ) granted Bustillo release on is own (PR) Dated April 9,2004 the (DHS) appeal stating that Bustillo could only get Bond not (PR) why did the attorney not file for the bond Bustillo still does not know the (IJ) granted Bustillo 212 (c) 5/27/04 (DHS) appeal again and each time Attorney who was handling the case never file a Brief in support of Bustillo for the Bond nor the 212(C).

At the time Bustillo's Attorney was (Kerry Doyle) Copy of a Letter within (EXHIBIT 1A) **Please take note of date August16**

,2004

Miss Doyle wrote and told Bustillo about the Governments Appeal to the bond saying she never received the notice from the Board of Immigration Appeals. Here we are more than 3 Months late and she told Bustillo to file a Brief something I new nothing about and believed it was already done by her.

I ask the Court to please note that nothing was said about the (DHS) appeal of 212(c) which was also pending at the same time again Bustillo thinking Miss Doyle was handling this, I did not know about the (ACLU) until the end of July 2004 they were not working on my case they were reviewing the case to see if they could help. Then came this Lawyer Mister Babcock whom told my family not to worry, he could handle this case, this Lawyer gave me and my family the biggist run around, the biggest lies, never filed any paper work or brief on my behalf with the (BIA) by the time the filing went to the First Cir Court it was the wrong filing and late (EXhibit 2A) letter from lawyer date 11/18/04 (EX 3A) Honorable Court why wait until it's the dead line for my filing and say you cann't handle the case should have stated that from the start that he was not Qualified he knew he was not a (INS) Attorney but just like a lot of lawyer out there it's easy money for them taking advantage.

This Lawyer whom up to this day I've never (met) still turn around and took my familys money filed papers in the wrong Courts and because of his Neglect and Lack of Knowledge of the (INS) Laws, my Due Process rights were Violated Under the Law Ineffective Assistance Violation of Fifth Amendment Right to do Process.

Within are letters and wrong filings by the Lawyer and after I found out, he was a Real Estate Lawyer it really got Bad, please take note of all the letters and dates with no reply from myself. Exhibit 3,4,5,6,7,8,9,10,11,12,13,14,15 Note to the Court If the Honorable Court would look at the Bond & 212(c) Appeals there is no way Bustillo could of Defended himsef while detain without access to good Laws and even with assistence it would

have taken more then 30 days to file each brief because of research of proper Laws. The fact that Bustillo was not Legally Vest and relied on his Attorney **Bustillo claims Ineffective Assistence.**

## I ARGUMENT

**The Opinion by Lipez, Circuit Judge case of Jelena Vladimir Orehhova; Valdek Orehhiou; Anne Orehhova; and Aleksandr Serdjuk, v.Alberto Gonzales, 417 F.3d 49** It states that Petitioner had"met the technical requirement "for raising a claim of Ineffective Assistance of Counsel before the BIA as set forth in **In re Lozada, 191. & N. Dec. 637, 639** (BIA 1988). **Such a Claim must be supported by 1)** An affidavit setting forth "in detail the agreement that was entered into with former Counsel with respect to the **(417 F.3d 52)** Actions to be taken, as well as any representations made by Counsel to the alien; 2) Proof that the movant has informed former Counsel of the allegations in writing, as well as any response received and 3) a statement detailing "whether a Complaint has been filed with appropriate disclinary Authorities regarding such represention and if not why not;

Bustillo did file and did write to the Lawyer and ask why he took money and why started a job knowing he was not capable of doing letter within (Exhibit 4)(Exhibit 5) after my filing to the Board the lawyer started sending me letters and making myself and my family afraid of what he might do while I was still in (INS) Detain with my case. If this Court would review past motions from Mr Babcock, will see the mistakes made, mainly the Untimely filings, and if the Court will check into the records for Lawyers will see that this Lawyer is not a (INS) lawyer at all.

## II Arguments

In the past Bustillo made complaints to the (BIA) about past Counsel and also to the First Cir Court and was over look maybe because of not knowing how to file the complaint so may not be BIA's fault but because this was raised in motion should have been looked at.

Any error of Law "Comprises an abuse of discretion; Id, Motion to reopen are permitted only wher they present "Evidence" that is "Material and was not available and could not have been discoved or presented at the former hearing. "8 C.F.R. & 1003.2 (c)(1). Claims of Ineffective Asstance of Counsel Satisfy this Requirement. See Saakian 252F.3d at 25.

While the Sixth Amendment Right to Counsel dues not apply in deportation proceedings, which are civil rather than criminal, Appellate Courts have "Recognized that there is a due Process Violation If the Proceeding was so Fundamentally unfair that the alien was prevented from reasonably presenting his case. Bernal-Vallejo v. Ins, 195 F.3d 56,63, (1st Cir 1999);

In Bustillo case there has been a number of untimely filing to the (BIA) and first Cir as stated Bustillo has sought Judicial review of all orders again untimely please See (Exhibit 1A) from lawyer stating that she never received notice from (BIA) and note the Date Lawyer Informend Bustillo after Brief date deadline August 6, 2004 letter date August 16, 2004.

The BIA denied Petitioners motion as untimely the Petitioner Bustillo sought Judical review of that order and others but untimely also do to other Attorneys mistakes considering that Petition, never new and relyed on Counsel should not be Punish.

The BIA in Decision Rankou V. INS, 248 F.3d 1127, 2000 Wl1875857, at *1 (1st Cir 2000) considering that Petition, we identified the critical issue as "whether Counsel of record for the Petitioners was ever mailed the (Decision). They added that "If the decision was sent out in due course, then the Petitioners missed the Ninety-day deadline to move to reopen; and, thuis, denial of the Motion to reopen was appropriate. Concluding that the BIA had not focused sufficiently on the Issue of mailing, we vacated the order appealed from and Remanded for "futher Consideration and Explanation of whether the...order was in fact properly mailed; 284 F.3d 1127, (WL) at *2.

III Argument Constitutional Claims

Bustillo like Bernal-Vallejo v. INS 195 F.3d 56; 1999 (1st Cir Court) argues that his due Process Rights were violated

Because his former Counsel was so Ineffective that Bernal and Bustillo's case Briefs never filed. This Court (1st Cir) has held Sixth Amendment Right to Counsel is involved in Deportation Proceedings because they are Civil and not Criminal; Nontheless, this Court has Recognized that there is a Due process Violation if the Proceeding was so fundamentally unfair that the alian was prevented from reasonably presenting his case See Lozada v. INS 857 F.2d 10,13 (1st 1988). Other Circuits have agreed See, e.g., Mustata v. U.S. Dept of Justice, 179 F.3d 1017, 1019-20 (6th Cir 1999)(discussing Jurisdiction to review alien's Due Process Claim based on Ineffective Assistance); Castaneda-Suarez V. INS, 993 F.2d 142,144 (7th Cir. 1993)(Recognizing allien's Fifth Amendment Right to due Process in Deportation Proceedings and stating that Ineffective Cousel can result in denial of this right); Esposito V. INS, 987 F.2d 108, 111-12(2d Cir. 1993)(discussing elements alien must establish in asserting Ineffective Assistance Claim);

If the Court may look at Bustillo's case there was no way, By Bustillo being detain and not knowing about (INS) Laws, inrder to file Briefs on time mainly for the fact being detain there was not any access to good and up to date (INS) laws. Also if the Court may look at the dates of the (Bond) Appeal and the 212 (c) Appeal by the (DHS) each were done within days of each other there was no way Bustillo would be able to file the Briefs on time and Correct with out some kind of Assistance from a Professional, even with that kind of help Brief would not have been upto the level of (Effective). Dates of (Appeal April 2004 Bond);(Appeal May 2004 212(c) ); Rogue-Carranza v INS, 778 F.2d 1373, 1374 (9th Cir. 1985)(DisCussing Exhaustion Requirement where alien Asserts due process claim based upon Ineffective Assistance) leaving aside the question of whether prejudice can be presumed in certain fact setings, CF. United States V loaisiga, 104 F.ed 484,487-88 (1st Cir 1997) (Noting Possibility that a denial of Counsel in the Immigration Context, In some Circumstances, Might be to flagrant as to allow for presumption of prejudice), Bustillo has file motion asking the Court to give him time to get right Counsel to assist with his case and for stay & Bond while case pending each

time denied, even with the fact that he was eligable for Bond date April 2004 without any Doubt, If Correct filing would of Accord and Briefs filed Bustillo would have had a chance.

CONCLUSION

There has been many Delays, many mistakes, many untimely filings and wrong filings on the behalf of Bustillo from Counsel and due to lack of past access to Laws of (INS), Bustillo begges this Honorable Court to please accept this filing of Ineffective Counsel/Assistance on behalf of Bustillo and also ask that the Court allow him time to do more ReSearch and be able to send in a supplemental Brief in support.

Bustillo also ask this Court for the Consideration of some kind of Bond or Supervised release while this is pending for the fact of limited access to the laws. Have been detain well over 2 years, I am not a Terrorist or Flight Risk My wife and children need me, were will I run to, I am fighting for my life to stay in this Country why would I run or mess up my chance to win this case.

Respectfully Submitted
Wyattt Detention
950 High Street
Central Falls 02863

CERTIFICATE OF SERVICE

I Rodney A Bustillo ask and beg this Honorable Court to make and mail copys of Brief and all Documents within to Miss Margot L. Nadel U.S. Department of Justice P.O. Box 878, Ben Franklin Station Washington, D.C. 20044 at the same time would ask that a copy be sent back to Bustillo at the Wyatt Detention just so there are no mix-up and because of lack of access to copy and time limit.

Thank You

Date 4/27/06

U.S. Department of Justice
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: A19 325 551 - Boston

Date: SEP - 2 2004

In re: RODNEY ALFRED BUSTILLO

IN BOND PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Pro se

ON BEHALF OF DHS: John M. Furlong, Jr.
Assistant Chief Counsel

APPLICATION: Change in custody status

ORDER:

PER CURIAM. The Department of Homeland Security (DHS) has appealed the Immigration Judge's April 9, 2004, bond order finding the respondent not subject to mandatory detention under section 236(c)(1) of the Immigration and Nationality Act and granting the respondent's release on his own recognizance.[1] The DHS's appeal is sustained.

The respondent is subject to mandatory detention provisions contained in section 236(c)(1) if he was convicted of an "aggravated felony" and was released from criminal custody, after the expiration of the Transition Period Custody Rules (TPCR) on October 8, 1998. *See Matter of West*, 22 I&N Dec. 1405 (BIA 2000). The record indicates that the respondent was convicted on February 15, 1995, in the Providence Superior Court, Providence, Rhode Island, for the offense of Manufacture/Delivery of Cocaine in violation of section 21-28-4.01(A)(2)(a) of the General Laws of Rhode Island. The respondent was subsequently convicted on April 20, 1999, in the Sixth District

To charge less than one year and didn't serve any time in jail

[1] Even if the respondent were not subject to the mandatory detention provisions of section 236(c), we find that the Immigration Judge is without authority to order a respondent's release on his own recognizance. The statute clearly provides that the Attorney General may not release an alien on bond less than $1500. See section 236(a)(2)(A) of the Immigration and Nationality Act ("bond of at least $1500"). We are aware that 8 C.F.R. 1236.1(d), dealing with appeals to Immigration Judges from the setting of custody conditions by the Department of Homeland Security, contains language that authorizes an Immigration Judge "to detain the alien in custody, release the alien, and determine the amount of bond, *if any*, under which the alien may be released" (emphasis added). Since the statutory command is so clear, we construe the "if any" language as not referring to the statutory floor for release decisions but rather to the ceiling at which bond may be set. Thus, we conclude that even assuming arguendo that the respondent was eligible for release on bond that the Immigration Judge was without authority to order the respondent released upon his own recognizance.

FAX NO.

A19 325 551

Court of Providence, Rhode Island, of simple assault (domestic) in violation of sections 11-5-3 and 12-29-5 of the General Laws of Rhode Island.[2]

The respondent's conviction for Manufacture/Delivery of Cocaine is an "aggravated felony" as that term is defined in section 101(a)(43)(B) of the Act. The respondent's conviction in 1999 for simple assault resulted in the respondent's release from criminal custody after the expiration of the TPCR. Therefore the respondent is subject to mandatory detention under the provisions of 236(c)(1)(B). Accordingly, the decision of the Immigration Judge is ordered vacated.

Has to be sentence one year or more and this 1999 case was not by Judge and (DHS)

FOR THE BOARD

[2] The record indicates that the respondent was convicted of the same offense on February 23, 1996.

GRAVES & DOYLE
ATTORNEYS AT LAW
77 FRANKLIN STREET, 3RD FLOOR
BOSTON, MA 02110

WILLIAM E. GRAVES JR.
KERRY E. DOYLE

TEL: (617) 542-6400
FAX: (617) 542-6411

Via First Class Mail

August 16, 2004

Rodney Bustillo
Wyatt Detention Center
950 High Street
Central Falls, RI 02863

Dear Rodney:

I am writing you this letter to let you know that I cannot continue to be involved with your case any longer. As you know, I am not still directly representing you in any matter before the immigration service, but I had been willing to assist you in finding pro bono representation to challenge your on-going detention. I was also willing to provide free technical assistance to your pro bono representative. A recent development, however, has made it impossible for me to continue in either role.

It has come to my attention that the ACLU in Rhode Island is apparently not aware that you had retained pro bono counsel to assist you in filing your habeas corpus action. As you know, I had previously called them to let them know that we had secured counsel for you in order to communicate with them and to have everyone know what is going on. Especially when people are offering their services for free, it is very important to avoid confusion and extra work for everyone for all parties to know what is going on. You subsequently left me a message asking me not to contact the ACLU again because it was upsetting your mother. I followed your instructions, assuming that you would take care of this matter and let your mother and the ACLU in Rhode Island know that you had secured counsel. Apparently, this has not happened.

You cannot continue to have two attorneys working on the same thing at the same time. Please be aware that it is a huge privilege to find excellent pro bono counsel to take a complicated case and it is not possible to continue having two processes happening at the same time or to play them off each other.

In light of this development, our office can no longer be involved with your case. I have contacted Joe Berman and despite his incredible generosity and willingness to help you out on my request, I imagine that he will not be able to continue with your case without our technical assistance. I have also sent him a copy of this letter. You should also know that your mother's negativity regarding your previous counsel in Rhode Island has really damaged your ability to obtain new competent counsel in the area.

As you know, this office does not represent you currently in any matter before the immigration court or in any federal court, but we were willing to assist your pro bono counsel in your federal case, despite the amount of work already done for you and the large outstanding bill that you currently have with this office. I trust that you and your family will honor your financial obligation to this office as soon as possible.

In addition, I recently received a copy of a brief that was filed by the government in your bond appeal. I have included a copy herein in case you did not also receive a copy. You should know that I never received the notice from the Board of Immigration Appeals relating to the bond appeal dated July 16, 2004. As I was not representing you, nor did I even know of the need to respond, I did not respond in any way (the briefing deadline was August 6, 2004). I trust that you have responded and submitted a brief already on August 6, 2004 to the Board of Immigration Appeals on the matter of your bond. If not, you will need to do so and include a Motion to Accept a Late Filed Brief as soon as possible. You should sent a copy of these documents to whomever continues to represent you in the habeas corpus matter because it will impact the habeas corpus filing.

I am sorry that we cannot do anything more for you at this time. I wish you the best of luck.

Very truly yours,

Kerry E. Doyle
Attorney at Law

Enclosures
cc: Joseph Berman

Rhode Island Affiliate, American Civil Liberties Union

128 Dorrance Street, Suite 220 - Providence, Rhode Island 02903
Telephone: (401) 831-7171 Fax: (401) 831-7175 E-mail: riaclu@aol.com

October 27, 2004

Rodney Bustillo
Wyatt Detention Center
950 High Street
Central Falls, RI 02863

Dear Mr. Bustillo:

Our attorneys have reviewed the BIA's decision on your appeal. In light of the agency's decision, I'm afraid that there is no longer a legal basis for us to bring a habeas corpus petition on your behalf.

Our habeas corpus petition was going to argue that immigration officials could not hold you on the basis that you were not eligible for 212(c) relief, since we believe you were eligible for such relief. Unfortunately, that claim is now moot because, as you know, the Board held that, even if you *are* eligible for 212(c) relief, as a matter of discretion they refused to grant it. As a result, the only issues that appear left for you to pursue are in the hands of Mr. Babcock.

If immigration officials keep you locked up for more than six months from now without deporting you, you may be able to raise a new argument that you are entitled to release pending any further proceedings or action by immigration officials. You can get back to us at that time if you would like us to review the matter again. But, as I have noted above, we are no longer in a position to file a petition on your behalf because of the grounds underlying the BIA's latest decision in your case.

I'm very sorry that our plans to assist you did not work out.

Sincerely,

Steven Brown
Executive Director

Turn over
ok

ACLU

Exhibit 3



George E. Babcock, Esquire

Attorney and Counselor at Law

83 Power Road, [Tiverton], Rhode Island 02860
(401) 475-5985 • (888) 845-2510 • Fax (401) 475-5987

December 2, 2005

Rodney Bustillo
INMATE: WYATT DETENTION FACILITY
950 High Street
Central Falls, RI 02863

Mr. Bustillo,

I am in receipt of your Motion dated November 29, 2005. Even though it is full of lies, I have no interest in attacking you. You are like a bear whose leg is caught in a trap. You are willing to chew off your leg to get free. I look at myself as being your leg.

I have no intention of telling the Court that you are lying about the documents you claim to have not received. You have been provided with everything by Mr. McBurney, your mother and by me. As far as me giving you "attitude", I have been a gentleman with you and your mother. My side of the street is clean. Can you say the same thing? Relative to your allegations that I have no knowledge of the law, please note that I have several degrees on my wall. They were earned through hard work and diligence. You are in jail because of a lifetime of crime and wrongdoing. You were a drug dealer and you beat on your wife yet you insult me. Go to your mirror and take a look at what you see.

I am also in the process of getting phone records to reveal just how many times you and I have spoken on the telephone. Your claims of my "incompetence" do not resonate with me. Just remember, you were on a plane and because of me you are still here letting these sickening insults fly. Because of the Attorney Client Privilege I am unable to send this letter to the Court so I will not, but rest assured that I am proud of what I did on your case and could have done no more. I hope the Court grants your motion. I wish ill on no man and will not stand in the way of your efforts to stay in this Country, but you should be ashamed of yourself for your attack on me. Tell me of another lawyer who has done what I have done for virtually no money. You made promises to pay me and the only one that did was your mom. In any event, I am putting a package together or all that you want and will send it to you. I will also be sending you a bill and one to your mother since she hired me.

Good luck.

Very truly yours,

George E. Babcock, Esquire

George E. Babcock, Esquire

Attorney and Counselor at Law

83 Power Road, Pawtucket, Rhode Island 02860
(401) 475-5985 • (888) 845-2510 • Fax (401) 475-5987

November 18, 2004

Lucia Germina Bustillo
57 Sumter Street, Apt. 1
Providence, RI 02907

RE : RODNEY BUSTILLO

Dear Ms. Bustillo,

As you requested, I reviewed your son's entire file, right up through the final negative action by the Immigration Appeals Board. I have spent well over ten (10) hours pouring over this file and have come to the conclusion that I think you would be better served by retaining a lawyer who specializes in this level of immigration practice. I do not feel that your son's interests will be best served by my representing him any further. The attorneys that have worked on this case have all done a fine job. That includes the attorney for the United State of America as well. I suggest that you contact the Immigration Court in Boston and ask for a referral to an attorney more qualified than me to move this matter forward. It is not easy for an attorney to admit that a case is beyond his means and abilities, but it would be wrong for me to do anything other than write you this letter with my best advice to you.

Please call me after reading this letter to discuss what you would like me to do with your son's file. God be with you and your son.

Very truly yours,

George E. Babcock, Esquire

January 12, 2005

RI Supreme Court Disciplinary Board
24 Weybosset Street
Providence, RI 02903
**ATT: DAVID CURTIN, ESQUIRE**

**RE: RODNEY BUSTILLO**

Dear Mr. Curtin,

I am in receipt of your letter to Rodney Bustillo at the Wyatt Detention Facility. Once again, trying to do too much for client ends up costing me another day of sanity. Even though your office has told him that you do not have jurisdiction over his complaint, I feel compelled to tell you a little bit about this matter.

Mr. Bustillo was in Louisiana being put on a plane to Honduras last January. His mother called me and asked if there was anything I could do. I took a shot and filed for a Stay via fax with the 1st Circuit Court of Appeals. This was first for me but I did what I felt could be done. I had him removed from the plane and returned to Rhode Island. I worked with Kevin McBurney early on with this case and we did great work for this man, including filing a full brief in the First Circuit with the intention of having his case reopened by the BIA in Virginia. We filed Motions to Stay Deportation, Motions to Reopen, Motion for Release on Bond, Letters to ICE asking for his release. I worked with Nicholas Trott Long, Esquire, who redlined and edited its content. I worked with Joe Yocolla, Esquire on his underlying criminal convictions. He claims that I am not an immigration lawyer. This is true in his case. I had never been in a case like this. I had never been to the 1st Circuit. His mother came to my office every day. She was given copies of everything that was ever filed. I never gave up on this case, even after he began to write me vicious letters. I took a block off my phone so he could call me collect. We corresponded often. I spoke to the Clerk of the 1st Circuit Court who told me point blank that I did all that could be done. There came a point where he wanted to do things that I did not agree with. I spent over 250 hours on this case and was paid a net of approximately $7,500.00. ($2,500.00 went to Kevin McBurney for the work he did on this case.) I kept him in the USA for one year to give his other attorney's a chance to have his 1995 drug conviction modified or overturned. That had nothing to do with me. Unfortunately, he did not get the relief he sought and is not going to be deported. He

Not True →

Exhibit 6



George E. Babcock, Esquire
Attorney and Counselor at Law

83 Power Road, Pawtucket, Rhode Island 02860
(401) 475-5985 • (888) 845-2510 • Fax (401) 475-5987

June 20, 2005

Rodney A. Bustillo, Sr.
Suffolk County 8-4
20 Bradston Street
Boston, MA 02118

Mr. Bustillo,

Once again I find myself responding to your misplaced anger and propensity to lie and attempted extortion of money.

You are most free to file any complaint that you desire. I will respond to each of your misstatements in the order presented:

1. I have never misled you. I have done everything that I said I would. I told you three (3) weeks ago to hire another attorney. I suggest once again that you do so.

2. I never told you that a bond was set. I took steps with ICE to have you released and it was rejected. I have filed a Motion to have you released with the 1st Circuit Court of Appeals. These documents have been given to you and your mother.

3. I never told you that an agreement had been reached.

4. The motion has been filed and is pending in the 1st Circuit.

5. You and your mother have been provided with copies of everything you have asked for.

6. I have treated you and your mother with respect. It is you that is disrepectful and ungrateful. You are insulting and write profanity laced letters for no reason other than to make you feel better or important or empowered. I suggest you talk to Tawa Pitman about this issue.

George E. Babcock, Esquire

Attorney and Counselor at Law

83 Power Road, Pawtucket, Rhode Island 02860
(401) 475-5985 • (888) 845-2510 • Fax (401) 475-5987

7. I have spent so much time on your case I cannot even fathom where you come up with this statement. I kept working for you and your mother because she told me that she was getting a back pay adjustment She paid me small sums of money, but never came through as promised. In regard to the excess $5,000.00, I have never billed against it, although I certainly have earned that amount and much more. It is still in my client account as I agreed. You should get your facts straight before making defamatory statements. Just because you are in jail does not mean that you are exempt from suit for defamation and other civil damages.

8. There is a contract and I have kept to its terms. Have you mommy come and get her money. I will give her a bill at the same time for the balance due to me. As far as the Superior Court action is concerned, Mr. Vocolla is your attorney, not me. He filed your motion and it was denied. It appears that no further action has been taken on this matter. I spoke to Terry and he didn't have much to tell me except that you had no money to pay him to go forward. You see Rodney, we all have families to take care of as well as you.

9. I am not sure what this statement means, but in any event, I do not advertise as a criminal or immigration lawyer although I have successfully represented many clients in both areas of law. Further, your mother sought me out to represent you in this matter. There is nothing that I would do differently in this case. You are in jail because of your actions. You are in this Country because of me. I enlisted the help of Nicholas Trott Long, a seasoned Federal Court litigator, to help me with your memorandum. He felt that I did a great job. I am proud of what I did for you and your family. I am tired of you blaming everyone else for your situation. As far as your mother goes, the poor woman believes everything that you say. I suggest you try the truth; it may be the only thing to set you free.

10. I have earned far in excess of $10,000.00, but I have never refused to give you mother the $5,000.00. It is still in my client account and available upon request.

As far as the remaining threats in your letter, I have no intention of giving your mother anything beyond the $5,000.00. I will then give her a bill for the

George E. Babcock, Esquire
Attorney and Counselor at Law
83 Power Road, Pawtucket, Rhode Island 02860
(401) 475-5985 • (888) 845-2510 • Fax (401) 475-5987

balance due on this case. Remember, she hired me and is just as responsible for your bill as you are. Of course, you are free to file whatever you want to file. What do you have to lose? You think that being in jail gives you the right to attack people without consequence. You are wrong. Get your facts straight and be careful what you do and say. I will counter whatever action you or your mommy takes. I was the only attorney that went to the mat for you, and you repay me with lies, slander and ill will.

Finally, it is my intention to withdraw from you case in the 1st Circuit if the Court will allow me to do so. ***I will support my motion with a copy of your letter, which amounts to attempted extortion***.

As an aside, any complaint you and your mommy file should be done with the RI Supreme Court Disciplinary Board, not the Bar Association. Take heed Mr. Bustillo, I too have a family and I will protect them from you and your threats by whatever legal means are available to me. You are on your own.

George E. Babcock, Esquire

George E. Babcock, Esquire
Attorney and Counselor at Law
83 Power Road, Pawtucket, Rhode Island 02860
(401) 475-5985 • (888) 845-2510 • Fax (401) 475-5987

January 21, 2006

Rodney Bustillo
Detainee
Wyatt Detention Facility
950 High Street
Central Falls, RI 02863

Dear Mr. Bustillo,

After speaking with your mother about this whole matter last week, I realized that this is bigger than all of us. You did what you felt you had to do. I don't agree with how you did it and I don't understand why you would try to hurt me and my family, but I hold no grudge. I hope you are successful with your cause and will pray for you. In regard to any outstanding bill to your mother, I have no intention of ever seeking to recover any sum from her.

Good luck

George E. Babcock, Esquire

COPY

ccLucilla Bustillo

lashed out at me again with an animal letter and a defamatory pleading in the 1st Circuit which was summarily dismissed. This is a case where I once again stand ready to defend myself.

I have taken cases for many reasons. Over the past several months I have come to the conclusion that I am no longer going to accept cases where there is any controversy or where I find the potential client to be left or right of center. That makes practice boring but safe. Of course there will be people who will be left without a lawyer and that is sad. It is too bad there isn't a Board where people can send letters telling the world what a great job their attorney did for them.

In any event, Rodney Bustillo is being deported because of his own actions over the past ten years. George Babcock, Kevin McBurney and Anthony Delbonis gave him an extra year in America. He should be grateful, not vindictive.

Finally, if it is possible, I would like to obtain a copy of the complaint he filed against me. May I please hear from you in this regard?

Thank you.

Very truly yours,

George E. Babcock, Esquire

ccRodney Bustillo

(Exhibit )

George E. Babcock, Esquire
Attorney and Counselor at Law

83 Power Road, Pawtucket, Rhode Island 02860
(401) 475-5985 • (888) 845-2510 • Fax (401) 475-5987

December 3, 2004

INS
200 Dyer Street
Providence, RI 02903

RE : RODNEY A. BUSTILLO
A-19-325-551
APPLICATION FOR STAY OF DEPORTATION
FORM NO. I246

Dear Sir or Madam,

Enclosed please find an Application for Stay of Deportation relative to the above named detainee. He is currently being held at the Wyatt Detention Facility in Central Falls, RI. It is my intention to file a Writ of Habeas Corpus next week.

Thank you.

Very truly yours,

George E. Babcock, Esquire

GEORGE E. BABCOCK / ATTORNEY AT LAW / CLIENT ACCOUNT 3714

(Exhibit 11)

INS - Rodney Bustillo
$155.00

US DEPT OF JUSTICE
INS PROVIDENCE
RETAIN THIS RECEIPT

2:27PM Dec 3/04
00-0001 001 PRO-EN
#17081

*Receipt Copy*
A # 19325551
Last Name BUSTILLO
First Name RODNEY

I-246 $155.00

Check $155.00

*Official*
*Document*

GEORGE E. BABCOCK / ATTORNEY AT LAW / CLIENT ACCOUNT 3714

178001 (5/02)

George E. Babcock, Esquire
Attorney and Counselor at Law

83 Power Road, Pawtucket, Rhode Island 02860
(401) 475-5985 • (888) 845-2510 • Fax (401) 475-5987

December 12, 2005

Lucilla Bustillo
57 Sumter Street
Providence, RI 02907

RE: RODNEY'S BRIEF ALLEGING THAT
I DID NOT WORK FOR HIM

Dear Lucilla,

Enclosed please find the Decision of the First Circuit in response to the Defamatory Document he filed against me.

As I have stated before, I did all that I could for you son and he stabbed me I the back. I wish him no ill will but I have no interest in what happens to him at this point.

I will send you a bill before the end of the year. Good luck to you and yours.

Very truly yours,

George E. Babcock, Esquire

OMB APPROVAL NO. 1115-0055

U.S. Department of Justice
Immigration and Naturalization Service

# Application for Stay of Deportation or Removal

Fee Stamp

**SUBMIT IN DUPLICATE**

*Read instructions on reverse before filling out application*

File No. A-19-325-551

Date 12/3/04

1. Name (Family Name in CAPITAL letters, First, Middle)
RODNEY ALFRED BUSTILLO

2. Present Address (Apt. No.) (Number and Street) (Town or City) (State) (Zip Code)
186 LINWOOD AVENUE PROVIDENCE RI 02907

3. Country of Citizenship
HONDURAS

4. Date to which passport is valid (Attach passport)
IN POSSESSION OF IMMIGRATION OFFICIALS

5. Country to which deportation or removal has been ordered
HONDURAS

6. Date to which stay of deportation or removal is requested
JUNE 1, 2005

7. Reasons for requesting stay of deportation or removal
An immigration judge granted Bustillo's application for waiver of deportability on May 27, 2004. On October 13, 2004 the appeal of DHS was sustained by the Board of Immigration Appeals. (Decision attached hereto.) Part of the decision of the Board was based upon certain criminal convictions of Bustillo. Subsequent to the Board's decision, the RI District Court vacated two (2) criminal convictions of Bustillo. (See orders enclosed). This is a substantial change in circumstances that if viewed by the Board of Imm. Appeals, would, in all probability, have an impact on its decision to uphold the appeal of the DHS and sustain Bustillo's appeal.

8. **I certify that the statements I have made in this application are true and correct to the best of my knowledge and belief.**

(Signature) (Location) (Date)

9. **Signature of person preparing form, if other than applicant.**
I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have knowledge. Failure by a preparer to complete this block may result in criminal prosecution and, upon conviction, a fine or imprisonment.

[signature] George E. Babcock, Esquire 12/3/04
(Signature) (Printed Name) (Date)

**APPLICANT: DO NOT WRITE BELOW THIS LINE**

Stay ☐ Denied ☐ Granted ______ at ______
(Date) (Place Where Granted)

By ______ ______ ______
(Signature) (Title) (Date)

**UNITED STATES DEPARTMENT OF JUSTICE**
**OFFICE OF HOMELAND SECURITY**
**IMMIGRATION COURT**
**BOSTON, MASSACHUSETTS**

**IN THE MATTER OF RODNEY BUSTILLO, SR. FILE NO. A 19 325 551**

**FEBRUARY 4, 2005**

**MOTION TO REPOPEN**

Now comes the Petitioner, (hereinafter "Bustillo"), through counsel, and hereby respectfully moves this Court to his an Order Reopening his Case in Removal/Deportation Proceeding pursuant to Section 240©(6) and 8 U.S.C. Section 1229a(c)(6). As grounds therefore, Bustillo states as follows:

1. Bustillo is eligible for adjustment of status pursuant to the act.

2. Bustillo's application for 212(c) relief is just and proper and should be granted based upon new evidence regarding criminal convictions/contacts which rendered him deportable under the act.

3. The operative criminal convictions in Rhode Island have been vacated. Given this fact, the 212(c) application was just and proper and should be revisited given the new critical evidence.

4. Bustillo is of no danger to the community and has strong ties to his family and to his community. Further, he is not a flight risk for the same reason.

5. Bustillo is a veteran of the United States Armed services and received an honorable discharge therefrom.

6. Bustillo has a wife and children and a home in Rhode Island waiting for him.

7. Bustillo owns his own business.

8. The State of Facts submitted to the Immigration Board of Appeals in this case is no longer supported by the evidence relative to the allegations as they pertain to criminal activity.

9. During the time that he has been incarcerated, he has been a model prisoner and has received commendations from his counselors.

10. This Court would be justified to exercise its discretion and reopen this case for the following reasons:

a. Bustillo has young children and a wife who love and depend upon him.
b. His mother, a naturalized citizen, has worked long and hard to offer proof of her son's moral character.
c. When weighing the value of deportation to the Government against the devastation it would visit upon Bustillo's family and the community as a whole, fairness and equity dictate the Court should reopen this case.
d. Bustillo's criminal convictions have been vacated.
e. Bustillo has no immigration violations.
f. He has been a model detainee.
g. He owns his own business.
h. His removal would not be consistent with INS objectives.

NOW THEREFORE, Bustillo respectfully requests this Court reopen this matter and order him released pending the presentation of new evidence and arguments at a hearing.

Rodney Bustillo, Sr.
By his attorney,

George E. Babcock, Esquire
83 Power Road
Pawtucket, RI 02860
Bar Id# 3747
401-475-5985

CERTIFICATION

I hereby certify that I hand delivered a copy of the within Motion to Reopen to the Office of District Counsel, JFK Federal Bald. 15 New Sudbury Street, Boston, MA Room 425 and to Office of the Administrator, Room 320 15 New Sudbury Street, Boston, MA 02903 on February 7, 2005.