UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RODNEY A. BUSTILLO :
:
v. : C.A. No. 06-63S
:
IMMIGRATION AND NATURALIZATION :
SERVICE, et. al. :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Petitioner, Rodney A. Bustillo ("Petitioner" or "Bustillo") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, entitled "Petition for Motion to Review Citizenship." (Document No. 1). The matter is presently before the Court on Respondents' Motion to Vacate[1] (Document No. 13) and Respondents' Motion to Dismiss (Document No. 12). This matter has been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. The Court has determined that no hearing is necessary. After reviewing the memoranda, I recommend that Respondents' Motions be GRANTED and that Bustillo's Petition be DISMISSED.

**Statement of Facts**

Bustillo was born in March 1964 in Honduras and came to the United States at the age of 5. Petition ("Pet.") ¶ 11. He has been a permanent resident of the United States since June 1970. Id.

[1] On February 14, 2006, Respondents filed a Notice of Intent to Remove which represented that Petitioner's deportation was "imminent." (Document No. 7). In response, Judge Smith stayed Petitioner's removal pending further order of the Court presumably to permit full consideration of Petitioner's claims. (Document No. 6). Respondents now move to vacate Judge Smith's Stay Order.

In 1995, he was convicted of delivery of a Class B substance, an aggravated felony, in Providence County Superior Court. As a result of the conviction, Petitioner was deemed deportable. Id. ¶ 14.

Subsequently, the Bureau of Immigration and Customs Enforcement ("BICE") commenced deportation proceedings. In 1997, Petitioner was unsuccessful in obtaining a stay of deportation from the First Circuit. See Bustillo v. INS, Docket No. 97-1512 (1st Cir. May 6, 1997). On May 27, 2004, an Immigration Judge ruled in Bustillo's favor, granting him discretionary relief. Id. ¶ 14. The Government appealed, and Petitioner was placed in custody where he remains incarcerated at the present time. See Petitioner's Objection to Motion to Dismiss (Document No. 17) at p. 4. In October 2004, the Board of Immigration Appeals ("BIA") reversed the decision of the Immigration Judge, and ordered that Bustillo be deported to Honduras.

Subsequently, Bustillo moved for the BIA to reopen/reconsider the ruling. The BIA denied his Motion, and Bustillo appealed to the First Circuit Court of Appeals. The Court of Appeals then issued a summary disposition on September 20, 2005, noting that the BIA did not abuse its discretion in denying his Motion to reopen/reconsider. Bustillo v. Gonzales, Docket No. 05-1277.

In addition to the First Circuit case referenced above, the Court notes that Bustillo has also sought, and been denied, relief from deportation in several other cases. In the District of Massachusetts, Petitioner filed Bustillo v. Chadbourne, Docket No. 05-11414 (denying petition for writ of habeas corpus), and Bustillo v. Ridge, Docket No. 05-10392 (same). In the First Circuit, Petitioner filed the following appeals: Bustillo v. Gonzales, Docket No. 06-1195 (denying petition for review, revoking stay of deportation); and Bustillo v. INS, Docket No. 97-1512 (denying petition for review and motion to stay deportation). The issues presented in this Petition are not new, and in fact, have already been considered and dismissed by other courts.

## Discussion

In short, the issues presented in the Petition are Bustillo's request for review of his citizenship, and Bustillo's request for release from detention pending a final determination of the issues raised in the Petition. As discussed below, this Court does not have jurisdiction to entertain a challenge to Petitioner's citizenship. Further, to the extent that Petitioner seeks his release from detention, the request is moot, as the sole reason for Petitioner's detention is the adjudication, adverse to him, of his various Petitions in the federal courts.

### 1. Petitioner's Challenge to the Removal Order

The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B 119 Stat 231, 302, codified at 8 U.S.C. § 1252 ("REAL ID Act") was enacted in May 2005. The REAL ID Act gives the Courts of Appeals exclusive jurisdiction over habeas petitions which challenge a final administrative order of removal, deportation or exclusion. See Enwonwu v. Chertoff, 376 F. Supp. 2d 42, 81 (D. Mass. 2005). In this case, there has been a final administrative order of removal, thus this District Court does not have jurisdiction to consider Bustillo's challenge to his removal, deportation or exclusion.

Moreover, as set forth in the First Circuit Court of Appeals' Judgment in Bustillo's BIA appeal, the Court held that it lacked jurisdiction to review the BIA's order of deportation because Petitioner did not timely appeal that decision. The First Circuit also stated that the only issue it would consider was the BIA's denial of Petitioner's "Motion to Reconsider and/or Reopen." The First Circuit reviewed the denial of that motion under an abuse of discretion standard and declined to reverse the BIA. Thus, the First Circuit rescinded the stay of deportation and stated that the request for release on bond was moot. See Judgment of First Circuit, Bustillo v. Gonzales, Docket No. 05-1277, dated September 20, 2005. The requests for relief in this Court mirror those in his First Circuit appeal. Petitioner was unable to prevail there, and is attempting to obtain a second bite at

the apple in this Court. This Court is without jurisdiction to consider Petitioner's challenge to his removal, but even if the Court had jurisdiction, the legal analysis and sound reasoning of the Court of Appeals must be followed. Accordingly, I recommend that Petitioner's Request for a Review of Citizenship (Document No. 14) be DENIED.

**2. Petitioner's Request for Release on Bond**

Although this Court is without jurisdiction to consider a challenge to removal, the Court is authorized to consider a challenge to Petitioner's detention. See Hernandez v. Gonzalez, 424 F.3d 42, 42-43 (1st Cir. 2005) (and cases cited therein). Despite the fact that the Court is authorized to consider a challenge to his detention, the issue of Bustillo's detention is moot.

The Court of Appeals has declined to review the decision of the BIA ordering Petitioner's deportation, therefore, it appears that the only reason Bustillo remains detained and has not been removed from the United States is Judge Smith's February 14, 2006 Stay Order in this case. Petitioner apparently has other pending cases outside this District, and this Court offers no opinion as to whether he may succeed in some other court with some other habeas claim, but this Court is without jurisdiction to entertain his request for review of his removal. Any request for bond or release, therefore is moot and I recommend that Petitioner's Motion for Bond be DENIED, and Respondents' Motion to Vacate the February 14, 2006 Stay Order be GRANTED. See Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002) ("[t]o the extent that the petitioner may hold, in part, the keys to his jail cell, he cannot complain, when he hides those keys, about his continued detention").

**Conclusion**

For the foregoing reasons, I recommend that Respondents' Motion to Dismiss (Document No. 12) and Motion to Vacate (Document No. 13) be GRANTED. I therefore also recommend that

Bustillo's Request for Review (Document No. 14) and Motion for Bond (Document No. 18) be DENIED and that his Petition (Document No. 1) be DISMISSED. Finally, I recommend that the District Court enter final judgment in Respondents' favor and close this case.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
May 10, 2006