RECEIVED

JUL 11 '06

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

To: Honorable Judge Smith

From: Lucila G. Bustillo for Rodney A. Bustillo

Re: Rodney A. Bustillo (19-325-551)

Tel: #401/781-6608 cell 401/301-4007

Date: July 11, 2006

This is a supplement to Rodney's motion for proof of citizenship. When Rodney submitted his motions to your courts, he did not have these document to proof his claim of citizenship; therefore, I am submitting these proof for your review and consideration (8 U.S.C. & 1432(a) :

I became a citizen in 1983; therefore, Rodney could not qualify under my citizenship but he can under his stepfather, Elbert Turner who is a US citizen, a native of Birmingham, AL, US and his grandmother, Juana Smith DeGomez who became a citizen in 1970. When Rodney came to the US at the age of six, Elbert Turner was the only father he ever knew. Elbert Turner and I divorced in 1986 when he moved to Columbus, Ohio; nevertheless he is still in contact with his son and stepchildren. Rodney's youngest brother, Craig E. Turner, is mine and Elbert Turner biological son. I hope that these documents will help proof that Rodney is a US citizen in addition to his Army application that was submitted while he was stationed in Panama, CA.

Enclosed: 26 pages

LETT

# 'Let judges judge'

Bravo to The Journal for the insightful editorial of Aug. 26 "Let judges judge."

It's disturbing that the cost of incarceration increases every year, burdening state budgets, and is apparently accepted because the public has been scared into believing that it is more prudent to lock our citizens up than to educate them.

According to the 2003 Prison Index (by Peter Wagner), since 1995 the United States has spent more on building prisons than on colleges. The average percentage increase in U.S. state spending on higher education between 1985 and 2000 was 29 percent — compared with a 175-percent increase in spending on corrections.

Meanwhile, 19 percent of our U.S. incarcerated population is completely illiterate, while 40 percent is moderately illiterate. Does anyone see a correlation here?

Now, because of mandatory minimum sentencing in many states, our judges are left without much discretion. They may in fact face penalties if they dare to stray from the established sentencing guidelines.

Thus, more people are locked up (for nonviolent offenses), and for longer periods, and there is a never-ending strain on the budget that goes toward prisons. This money would be better spent educating our children and teaching them a more productive way of life than stealing or using and selling drugs.

It is time to revisit our criminal-justice system, make some sorely needed changes, and reverse the "lock 'em up and throw away the key" syndrome of the last 20 years.

PAMELA J. DeWITT

Warwick

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA 02203-0002

In the Matter of:
BUSTILLO, RODNEY ALFRED*

Case No.: A19-325-551

RESPONDENT

IN DEPORTATION PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on May 27, 2004. This memorandum is solely for the convenience of the parties. If the proceedings should be appealed, the Oral Decision will become the official decision in this matter.

( ) The respondent was ordered deported to the alternative to

( ) Respondent's application for voluntary departure was denied and respondent was ordered deported to or in the alternative to

( ) Respondent's application for voluntary departure was granted until , with an alternate order of deportation to or

( ) Respondent's application for asylum was ( )granted ( )denied ( )withdrawn ( )other.

( ) Respondent's application for withholding of deportation was ( )granted ( )denied ( )withdrawn ( )other.

( ) Respondent's application for suspension of deportation was ( ) granted under section 244(a)(1) or (2) ( ) granted under section 244(a)(3) ( ) denied ( ) withdrawn ( ) other.

(✓) Respondent's application for waiver under Section 212(c) of the Immigration and Nationality Act was (✓)granted. ~~( )denied ( )withdrawn ( )other.~~

( ) Respondent's application for ____________ was ( )granted ( )denied ( )withdrawn ( )other.

(✓) Proceedings were terminated.

( ) The application for adjustment of status under Section (216)(216A)(245)(249) was ( )granted ( )denied ( )withdrawn ( )other. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

( ) Respondent's status was rescinded under Section 246.

( ) Other ____________

( ) Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

Date: May 27, 2004

[signature]
PATRICIA SHEPPARD
Immigration Judge

Appeal: ~~WAIVED~~ Reserved by (~~Alien~~/INS/~~Both~~)
Appeal Due by: 6/28/04

LJ